UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION
Case Number 00- _____

MASHAAN GUY and JACQUELINE
GUY,

Florida Seventeenth Judicial Circuit Ct.
Case No. 99-021855 CA 21

00-6121

Plaintiffs,

v.

CIV-

MIAMI-DADE COUNTY POLICE
DEPARTMENT, f/k/a Metro-Dade County
Police Department; **SOUTH FLORIDA**
**STADIUM CORPORATION**, d/b/a Pro
Player Stadium; **MIAMI DOLPHINS,**
**LTD.; SOUTH FLORIDA FOOTBALL**
**CORPORATION**, General Partner of
Miami Dolphins, Ltd.; and **ROBERT**
**SISLEY**,

Defendants.

_____

## NOTICE OF REMOVAL

COME NOW Defendants, **MIAMI-DADE COUNTY POLICE DEPARTMENT**, f/k/a

Metro-Dade County Police Department; **SOUTH FLORIDA STADIUM CORPORATION**, d/b/a

Pro Player Stadium; **MIAMI DOLPHINS, LTD.; SOUTH FLORIDA FOOTBALL**

**CORPORATION**, General Partner of Miami Dolphins, Ltd.; and **ROBERT SISLEY**, by and

through undersigned counsel, and pursuant to 28 U.S.C. Section 1446, file this Notice of Removal

to the United States District Court for the Southern District of Florida, Miami Division, from the

Circuit Court of the Seventeenth Judicial Circuit of the State of Florida, where the action is now

pending, and state:

1.    This action was commenced against the above Defendants on December 23, 1999, by the

filing of a complaint in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida. Defendant Miami-Dade County first received notice of this action by service of a summons and complaint on December 27, 1999; Defendant Sisley was served on January 20, 2000; and Defendants South Florida Stadium Corporation, Miami Dolphins, Ltd., and South Florida Football Corporation were served December 29, 1999. This notice is being filed within thirty (30) days of each defendant's receipt, by service or otherwise, of a copy of the initial pleading setting forth the claim for relief.

2.    The complaint alleges federal civil rights violations against Defendants pursuant to 42 U.S.C. Section 1983. The United States District Court has jurisdiction over those claims pursuant to 28 U.S.C. Section 1331, in that the action arises under the Laws of the United States and in that, as appears from the complaint, the plaintiff bases his claim for relief against the Defendants by virtue of and under the federal statutes and acts of Congress. The action may therefore be removed to this court pursuant to 28 U.S.C. §1441(a) and (b).

3.    Venue is proper in this court, a) because the alleged actions took place within Miami-Dade County in the Southern District of Florida; and b) because one of the defendants, the MIAMI-DADE COUNTY POLICE DEPARTMENT, is an agency of Miami-Dade County, which, as a political subdivision of the State of Florida, is entitled to be sued in Miami-Dade County.[1]

4.    Copies of process, pleadings and orders served upon the Defendants in this action are attached in accordance with the requirements of 28 U.S.C. §1446(a).

5.    Written notice of the Defendants' removal of this action has been provided to all parties

_____
[1] Venue is therefore *not* properly in the Broward division of this court, even though the state

2

and a copy of the notice of removal has been filed with the Clerk of the state court.

WHEREFORE, Defendants request that this action proceed in this Court as an action properly removed to it.

Respectfully submitted,

**ROBERT A. GINSBURG**
Miami-Dade County Attorney

*Counsel for Defendants Miami-Dade*
    *County Police Department and Sisley*

Suite 2810
111 Northwest First Street
Miami, Florida 33128-1993
Telephone:    (305) 375-5868
Fax:          (305) 375-5634
Email:        JJA3@co.miami-dade.fl.us

By: _____
James J. Allen
Assistant County Attorney
Florida Bar Number 317861

**MARLOW, CONNELL, VALERIUS,
ABRAMS, ADLER, & NEWMAN**

*Counsel for South Florida Stadium*
    *Corporation, d/b/a Pro Player Stadium;*
    *Miami Dolphins, Ltd.; and South Florida*
    *Football Corporation, General Partner Of*
    *Miami Dolphins, Ltd.*

Suite 200
2550 Southwest 27th Avenue
Miami, Florida 33133-3765
Telephone:    (305) 446-0500
Fax:          (305) 446-3667
Email:

By: _____
Thomas F. Valerius
Florida Bar Number 165755

---

court action was filed in Broward County.

3

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by MAIL on Wednesday, January 26, 2000 upon:

**MALOVE & KAUFMAN, P.A.**
*Counsel for Plaintiffs*

Attention: Steven L. Malove, Esquire
Penthouse 104
Flagler Station
48 West Flagler Street
Miami, Florida 33131

*and*

**MARLOW, CONNELL, VALERIUS, ABRAMS, ADLER, & NEWMAN**
*Counsel for South Florida Stadium Corporation, d/b/a Pro Player Stadium; Miami Dolphins, Ltd.; and South Florida Football Corporation, General Partner of Miami Dolphins, Ltd.*

Attention: Thomas F. Valerius
Suite 200
2550 Southwest 27th Avenue
Miami, Florida  33133-3765

Assistant County Attorney

4

00 -0140

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND
FOR ~~DADE~~ COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.:

MASHAAN GUY, and JACQUELINE
GUY,

      Plaintiffs,

vs.

MIAMI-DADE POLICE DEPARTMENT,
f/k/a METRO-DADE COUNTY POLICE
DEPARTMENT; SOUTH FLORIDA STADIUM
CORPORATION, d/b/a PRO PLAYER
STADIUM; MIAMI DOLPHINS, LTD.; SOUTH
FLORIDA FOOTBALL CORPORATION,
General Partner of Miami Dolphins, Ltd.;
and ROBERT SISLEY,

      Defendants.
_____/

Florida Bar No.  305553

CACE 9J021855

21

# CIVIL ACTION SUMMONS

TO:  **MIAMI-DADE POLICE DEPARTMENT,
f/n/a METRO-DADE COUNTY POLICE DEPARTMENT
By Serving Director Carlos Alvarez
at:    9105 N.W. 25 Street
Miami, Florida 33172**

## IMPORTANT

    A lawsuit has been filed against you.  You have 20 calendar days after this Summons is served on you to file a written response to the attached Complaint with the Clerk of this Court.  A phone call will not protect you.  Your written response, including the case number given above and the names of the parties, must be filed if you want the Court to hear your side of the case.  If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the Court.  There are other legal requirements.  You may call an attorney right away.  If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

    If you choose to file a written response yourself, at the same time you file your written response to the Court, you must also mail or take a copy of your written response to the "Plaintiff's Attorney" named below.

## IMPORTANTE

Usted ha sido demandado legalmente.  Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal.  Una llamada telefonica no lo protegera.  Si usted desea que el tribunal considere su defensa, debe presentar su repuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.  Existen otros requisitos legales.  Si lo desea, puede usted consultar a un abogado immediatamente.  Si non conoce a un abogado, puede llamar a una de las officinas de asistencia lega que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff's Attorney" (Demandate o Abogado de Demanadante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous.  Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce Tribunal.  Un simple coup de telephone est insuffisant pour vous proteger; vour etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause.  Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre les cause ainsi que votre salaire, votre argent, et vos biens, peuvent etre saisis par la suite, sans aucun preavis ulterieur du Tribunal.  Il ya d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en mem temps que cette formalite faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

**Plaintiff's Attorney:**          **Stephen L. Malove, Esq.**
                                   **MALOVE & KAUFMAN, P.A.**
                                   **PH 104 -- Flagler Station**
                                   **48 East Flagler Street**
                                   **Miami, Florida 33131**
                                   **PH: (305) 577-0077**

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND
FOR DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.:              990 2185 5

Florida Bar No.  305553

## CACE

MASHAAN GUY, and JACQUELINE
GUY,

     Plaintiffs,

vs.

MIAMI-DADE POLICE DEPARTMENT,
f/k/a METRO-DADE COUNTY POLICE
DEPARTMENT; SOUTH FLORIDA STADIUM
CORPORATION, d/b/a PRO PLAYER
STADIUM; MIAMI DOLPHINS, LTD.; SOUTH
FLORIDA FOOTBALL CORPORATION,
General Partner of Miami Dolphins, Ltd.;
and ROBERT SISLEY,

     Defendants.

_____/

## CIVIL ACTION SUMMONS

**TO:   ROBERT SISLEY**
     **By Serving the Florida Highway Patrol - Court Liaison's Office**
     **1351 N.W. 12 Street, Room 310**
     **Miami, Florida 33130**

## IMPORTANT

     A lawsuit has been filed against you.  You have 20 calendar days after this Summons is served on you to file a written response to the attached Complaint with the Clerk of this Court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the Court to hear your side of the case.  If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the Court.  There are other legal requirements.  You may call an attorney right away.  If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

     If you choose to file a written response yourself, at the same time you file your

written response to the Court, you must also mail or take a copy of your written response to the "Plaintiff's Attorney" named below.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su repuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado immediatamente. Si non conoce a un abogado, puede llamar a una de las officinas de asistencia lega que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff's Attorney" (Demandate o Abogado de Demanadante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce Tribunal. Un simple coup de telephone est insuffisant pour vous proteger; vour este oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens, peuvent etre saisis par la suite, sans aucun preavis ulterieur du Tribunal. Il ya d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en mem temps que cette formalite faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

Plaintiff's Attorney:                Stephen L. Malove, Esq.
                                     MALOVE & KAUFMAN, P.A.
                                     PH 104 -- Flagler Station
                                     48 East Flagler Street
                                     Miami, Florida 33131
                                     PH: (305) 577-0077

THE STATE OF FLORIDA

TO EACH SHERIFF OF THE STATE: You are hereby commanded to serve this Summons
and a copy of the Complaint/Petition in this lawsuit on the above-named.

DATED THIS _____ DAY OF _____ DEC 23 1999 _____ , 1999.

CLERK OF THE CIRCUIT COURT

STUART SMITH

BY:_____

as Deputy Clerk

A TRUE COPY

Circuit Court Seal

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND
FOR DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.:    9J021655

Florida Bar No. 305553

MASHAAN GUY, and JACQUELINE
GUY.

     Plaintiffs,

vs.

MIAMI-DADE POLICE DEPARTMENT,
f/k/a METRO-DADE COUNTY POLICE
DEPARTMENT; SOUTH FLORIDA STADIUM,
CORPORATION, d/b/a PRO PLAYER
STADIUM; MIAMI DOLPHINS, LTD.; SOUTH
FLORIDA FOOTBALL CORPORATION,
General Partner of Miami Dolphins, Ltd.;
and ROBERT SISLEY,

     Defendants.

_____/

# CACE 27



## CIVIL ACTION SUMMONS

TO:   **MIAMI DOLPHINS, LTD.**
     **By Serving Its Registered Agent: American Information Services, Inc.**
     **at:   1 SE 3RD Avenue**
             **27th Floor**
             **Miami, Florida 33131**

### IMPORTANT

    A lawsuit has been filed against you. You have 20 calendar days after this Summons is served on you to file a written response to the attached Complaint with the Clerk of this Court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the Court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

    If you choose to file a written response yourself, at the same time you file your written response to the Court, you must also mail or take a copy of your written response to the "Plaintiffs Attorney" named below.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su repuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado immediatamente. Si non conoce a un abogado, puede llamar a una de las oficinas de asistencia lega que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff's Attorney" (Demandate o Abogado de Domanadante).

## IMPORTANT

Des poursuites judiclares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce Tribunal. Un simple coup de telephone est insuffisant pour vous proteger; vour este oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre las cause ainsi que votre salaire, votre argent, et vos biens, peuvent etre saisis par la suite, sans aucun preavis ulterieur du Tribunal. Il ya d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en mem temps que cette formalire faire parvenir ou expedier une cople de votre reponse ecrite au "Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

Plaintiff's Attorney:                Stephen L. Malove, Esq.
                                     MALOVE & KAUFMAN, P.A.
                                     PH 104 — Flagler Station
                                     45 East Flagler Street
                                     Miami, Florida 33131
                                     PH: (305) 577-0077

**THE STATE OF FLORIDA**

**TO EACH SHERIFF OF THE STATE:** You are hereby commanded to serve this Summons and a copy of the Complaint/Petition in this lawsuit on the above-named.

DATED THIS _____ day of _____, 1999.

CLERK OF THE CIRCUIT COURT

By: _____

STUART SMITH

as Deputy Clerk

A TRUE COPY
CLERK

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND
FOR DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.:

Florida Bar No. 305959

MASHAAN GUY, and JACQUELINE
GUY,

      Plaintiffs,

vs.

MIAMI-DADE POLICE DEPARTMENT,
f/k/a METRO-DADE COUNTY POLICE
DEPARTMENT; SOUTH FLORIDA STADIUM
CORPORATION, d/b/a PRO PLAYER
STADIUM; MIAMI DOLPHINS, LTD.; SOUTH
FLORIDA FOOTBALL CORPORATION,
General Partner of Miami Dolphins, Ltd.;
and ROBERT SISLEY,

      Defendants.

_____/

**CACE 21**

12/28/99
12·52pm
Jm am # 3.00

## CIVIL ACTION SUMMONS

TO:  **SOUTH FLORIDA FOOTBALL CORPORATION**
     **By Serving its Registered Agent: American Information Services, Inc.**
    **at:**    **1 SE 3RD Avenue**
          **27th Floor**
          **Miami, Florida 33131**

### IMPORTANT

    A lawsuit has been filed against you. You have 20 calendar days after this Summons is served on you to file a written response to the attached Complaint with the Clerk of this Court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the Court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

    If you choose to file a written response yourself, at the same time you file your written response to the Court, you must also mail or take a copy of your written response to the "Plaintiff's Attorney" named below.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su repuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado immediatamente. SI non conoce a un abogado, puede llamar a una de las officinas de asistencia lega que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff's Attorney" (Demandate o Abogado de Demanadante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce Tribunal. Un simple coup de telephone est insuffisant pour vous proteger; vour este oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre les cause ainsi que votre salaire, votre argent, et vos biens, peuvent etre saisis par la suite, sans aucun preavis ulterieur du Tribunal. Il ya d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en mem temps que cette formalite faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

**Plaintiff's Attorney:**        Stephen L. Malove, Esq.
MALOVE & KAUFMAN, P.A.
PH 104 — Flagler Station
48 East Flagler Street
Miami, Florida 33131
PH: (305) 577-0077

**THE STATE OF FLORIDA**

**TO EACH SHERIFF OF THE STATE: You are** hereby commanded to serve this Summons and a copy of the Complaint/Petition in this lawsuit on the above-named.

DATED THIS _____ day of _____ DEC 2 3 1998 , 1999.

CLERK OF THE CIRCUIT COURT

By: _____

STUART SMITH

as Deputy Clerk

A TRUE COPY

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND
FOR DADE COUNTY, FLORIDA
GENERAL JURISDICTION DIVISION

CASE NO.:          93021855

Florida Bar No.  305553

**21**

**CACE**

MASHAAN GUY, and JACQUELINE
GUY,

        Plaintiffs,

vs.

MIAMI-DADE POLICE DEPARTMENT,
f/k/a METRO-DADE COUNTY POLICE
DEPARTMENT; SOUTH FLORIDA STADIUM
CORPORATION, d/b/a PRO PLAYER
STADIUM; MIAMI DOLPHINS, LTD.; SOUTH
FLORIDA FOOTBALL CORPORATION,
General Partner of Miami Dolphins, Ltd.;
and ROBERT SISLEY,

        Defendants.
_____/

*12/29/59*
*12:52pm*
*x fn #32p*

### CIVIL ACTION SUMMONS

TO:  **SOUTH FLORIDA STADIUM CORPORATION**
     **By Serving Its Registered Agent: American Information Services, Inc.**
     **at:    1 SE 3RD Avenue**
     **27th Floor**
     **Miami, Florida 33131**

### IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this Summons is served on you to file a written response to the attached Complaint with the Clerk of this Court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the Court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the Court, you must also mail or take a copy of your written response to the "Plaintiff's Attorney" named below.

## IMPORTANTE

Usted ha sido demandado legalmente.  Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal.  Una llamada telefonica no lo protegera.  Si usted desea que el tribunal considere su defensa, debe presentar su repuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.  Existen otros requisitos legales.  Si lo desea, puede usted consultar a un abogado immediatamente.  Si non conoce a un abogado, puede llamar a una de las officinas de asistencia lega que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff's Attorney" (Demandate o Abogado de Demanadante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous.  Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce Tribunal.  Un simple coup de telephone est insuffisant pour vous proteger; vour este oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause.  Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre las cause ainsi que votre salaire, votre argent, et vos biens, peuvent etre saisis par la suite, sans aucun preavis ulterieur du Tribunal.  Il ya d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat.  Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en mem temps que cette formalite faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

**Plaintiff's Attorney:**               Stephen L. Malove, Esq.
                                       MALOVE & KAUFMAN, P.A.
                                       PH 104 -- Flagler Station
                                       48 East Flagler Street
                                       Miami, Florida 33131
                                       PH: (305) 577-0077

THE STATE OF FLORIDA

TO EACH SHERIFF OF THE STATE: You are hereby commanded to serve this Summons and a copy of the Complaint/Petition in this lawsuit on the above-named.

DATED THIS _____ day of _____, 1999.

CLERK OF THE CIRCUIT COURT

By:_____

as Deputy Clerk

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND
FOR BROWARD COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.:

Florida Bar No.  305553

MASHAAN GUY and JACQUELINE
GUY,

        Plaintiffs,

vs.

MIAMI-DADE POLICE DEPARTMENT,
f/k/a METRO-DADE COUNTY POLICE
DEPARTMENT; SOUTH FLORIDA STADIUM
CORPORATION, d/b/a PRO PLAYER
STADIUM; MIAMI DOLPHINS, LTD.; SOUTH
FLORIDA FOOTBALL CORPORATION,
General Partner of Miami Dolphins, Ltd.;
and ROBERT SISLEY,

        Defendants.

_____/





A TRUE CC'''
ROBERT E. LOCKW'''

DEC 2 3 1999

## COMPLAINT

    Plaintiffs, MASHAAN GUY and JACQUELINE GUY, sue the Defendants, MIAMI-

DADE POLICE DEPARTMENT, f/k/a METRO-DADE COUNTY POLICE DEPARTMENT;

SOUTH FLORIDA STADIUM CORPORATION, d/b/a PRO PLAYER STADIUM; MIAMI

DOLPHINS, LTD.; SOUTH FLORIDA FOOTBALL CORPORATION, General Partner of

Miami Dolphins, Ltd. and ROBERT SISLEY, and allege:

### JURISDICTION AND IDENTIFICATION OF PARTIES

    1.    This is an action in excess of the minimum jurisdictional limits of this Court,

to wit: Fifteen Thousand Dollars ($15,000.00), exclusive of attorney's fees and costs.

    2.    This is an action at law against the Defendants to redress the deprivation,

under color of law, statute, custom or usage, of rights, privileges and immunities secured to MASHAAN GUY by the Fourth and Fourteenth Amendments of the United States Constitution, and 42 U.S.C. §1983, for deprivation of his right to be free from unreasonable search and seizure, for deprivation of his right to be free from prosecution without probable cause, and for committing various torts arising under the laws and statutes of the State of Florida.

3.    At all times material, the Plaintiffs were and are husband and wife, and residents of Broward County, Florida.

4.    Defendant, MIAMI-DADE POLICE DEPARTMENT, f/k/a METRO-DADE COUNTY POLICE DEPARTMENT (hereinafter referred to as "MIAMI-DADE POLICE DEPARTMENT"), is a political sub-division of the State of Florida organized under the laws of the State of Florida.

5.    At all times material, Defendant, SOUTH FLORIDA STADIUM CORPORATION, d/b/a PRO PLAYER STADIUM (hereinafter referred to as "PRO PLAYER") was and is a corporation doing business in Miami-Dade County, Florida, and maintaining an office for the regular transaction of its business in Miami-Dade County, Florida.

6.    At all times material, Defendant, MIAMI DOLPHINS, LTD., (hereinafter referred to as "Dolphins") was and is a partnership organized and existing under the laws of the State of Florida, and doing business as THE MIAMI DOLPHINS, and maintaining an office for the regular transaction of its business in Broward County, Florida.

7.    At all times material, Defendant, SOUTH FLORIDA FOOTBALL CORPORATION, was and is the General Partner of Defendant, MIAMI DOLPHINS, LTD.,

2

licensed to do business in the State of Florida and maintaining an office for the regular transaction of its business in Broward County, Florida.

8.     At all times material, Defendant, ROBERT SISLEY (hereinafter referred to as "SISLEY"), resided in Miami- Dade County, Florida, and was an agent, employee and/or borrowed servant of MIAMI-DADE POLICE DEPARTMENT, and/or PRO PLAYER and/or DOLPHINS, acting within the course and scope of his employment and/or agency therewith and under color of law.

9.     Plaintiffs sue the Defendant, SISLEY, in his individual capacity and in his capacity as an employee of the MIAMI-DADE POLICE DEPARTMENT.

10.  .  Plaintiffs sue Defendant, SISLEY, in his individual capacity and in his capacity as an employee, agent, and/or borrowed servant of Defendants, PRO PLAYER and/or DOLPHINS.

11.     At all times material, FRED TAYLOR, in his capacity as Director of the MIAMI-DADE POLICE DEPARTMENT, was employed by MIAMI-DADE POLICE DEPARTMENT to set policy for said department.

12.     At all times material, Defendant, SISLEY, acted under the color of law, including the statutes, customs, ordinances, practices, and usage of the State of Florida, and MIAMI-DADE POLICE DEPARTMENT.

13.     At all times material hereto, FRED TAYLOR, as Director of the MIAMI-DADE POLICE DEPARTMENT, was responsible for the control, management, supervision, and training of Defendant, SISLEY.

14.     All conditions precedent to the initiation of this action against the Defendant, MIAMI-DADE POLICE DEPARTMENT, have been complied with, and said Defendant has

3

been notified in writing of Plaintiff's claim as required by Florida Statute §768.28 (see Composite Exhibit "A").

## FACTS GIVING RISE TO CAUSE OF ACTION

15.    At all times material, Plaintiff, MASHAAN GUY, was a season ticket holder of Miami Dolphins' football tickets.

16.    On December 21, 1998, the Miami Dolphins were scheduled to play a Monday night football game with the Denver Broncos.

17.    The Plaintiff, MASHAAN GUY, parked at the Golden Glades interchange and took the shuttle bus to the stadium.

18. .    The Plaintiff, MASHAAN GUY, with season tickets in hand arrived at Pro-Player Stadium and was lawfully on the premises of the stadium at or near gate "H" waiting for a friend to arrive so that they could enter the stadium to see the game.

19.    Thousands of people were outside the stadium partaking in activities that were planned, promoted and orchestrated by Defendants, PRO PLAYER STADIUM and/or MIAMI DOLPHINS, LTD.  This included power-boat displays, tents and activities for children.

20.    Approximately one hour before game time, while the Plaintiff, MASHAAN GUY, was waiting for his friend to arrive, he was approached by Defendant SISLEY, who was riding a bicycle.  SISLEY inquired of the Plaintiff what he was doing.

21.    The Plaintiff, MASHAAN GUY, advised SISLEY that he was a season ticket holder, showed SISLEY the season tickets, and advised SISLEY that he was waiting for a friend.

22.    Notwithstanding, SISLEY, ordered the Plaintiff to go into the stadium

4

immediately or leave the premises.

23.    Plaintiff could not enter the stadium because he had his friend's ticket and if he left the premises, would be unable to travel back to Golden Glades interchange since the shuttle bus did not leave until after the game.

24.    At all times material, Defendant, SISLEY, threatened to arrest the Plaintiff for trespassing if he did not enter the stadium or leave.

25.    Plaintiff advised he could not leave the premises or enter and was arrested by Defendant, SISLEY. The Plaintiff was detained and assaulted.

26.    SISLEY was the only person who spoke to Plaintiff, MASHAAN GUY, regarding Plaintiff's entitlement to remain on the premises; the conditions for Plaintiff to remain on the premises; and what conditions would constitute a trespass of the property rights of the Defendants, SOUTH FLORIDA STADIUM CORPORATION and MIAMI DOLPHINS, LTD.

27.    At all times material, the Plaintiff was not trespassing, he was a season ticket holder and had the right to remain on the subject premises to witness the football game unless he otherwise broke the law.

28.    Defendant, SISLEY, handcuffed the Plaintiff. Plaintiff told SISLEY that the handcuffs should be loosened since they were cutting into his wrists. SISLEY heard Plaintiff, but did not loosen the handcuffs.

29.    Thereafter, SISLEY ordered another officer, who was traveling on a golf cart, to transport MR. GUY to a holding area located in the stadium. Plaintiff remained handcuffed while Defendant, SISLEY, prepared paperwork and called for the Plaintiff to be transported.

5

30.    Thereafter, still handcuffed, the Plaintiff, was transported to a van and a request to use the restroom was denied.

31.    The Plaintiff was then transported to another area where he was processed. Plaintiff was made to undress to his undershorts.  He was processed, handcuffed again and escorted to a prisoner bus.

32.    The Plaintiff was then transported to Miami-Dade County Lockup where he was fingerprinted and photographed, and placed in a cell.

33.    The jail conditions were horrid.

34.    The next morning, the Plaintiff was released on bond.

35. .  At no time material did Plaintiff resist SISLEY.  The Plaintiff was arrested without probable cause, and was detained without probable cause.  Since the Plaintiff did not trespass, resist arrest or strike any police officer, there was no cause to arrest him on any charge.

36.    The Plaintiff was charged with trespass after warning, even though Plaintiff had been invited by SISLEY to enter the stadium.

37.    Following this incident, SISLEY prepared an arrest affidavit and Plaintiff was charged with criminal acts, including trespass after warning.

38.    SISLEY caused or contributed to the initiation of and the continuation of the criminal prosecution against Plaintiff.

39.    The prosecution agreed to file charges and initiate the prosecution against Plaintiff based on the report submitted by Defendant, SISLEY.

40.    In addition, because he was being prosecuted on criminal charges brought by one or more of the Defendants, the Plaintiff retained Robert Malove, Esquire to defend

6

him.

41.     A plea of not guilty was entered on behalf of the Plaintiff and subsequently the State Attorney nolle prosequied.

42.     As a direct and proximate result of the above described acts, Plaintiff has suffered the following damages:  bodily injuries; pain and suffering; disability; mental anguish; loss of capacity for the enjoyment of life; inconvenience; humiliation and embarrassment; deprivation of life, liberty and property; medical expenses; legal fees; injury to reputation; bond fees, and other economic damages.  Said damages are continuing in nature and Plaintiff will suffer same in the future.

43.  .  As a direct and proximate result of the above described acts, the Plaintiff, JACQUELINE GUY, has suffered the following damages: loss of society; comfort; society and friendship of her husband.  Said damages are continuing in nature and Plaintiff, JACQUELINE GUY, will suffer same in the future.

## COUNT I
### CLAIM OF VIOLATION OF 42 U.S.C. §1983
### (Defendant, MIAMI-DADE POLICE DEPARTMENT,
### f/k/a METRO-DADE COUNTY POLICE DEPARTMENT and
### DEFENDANT, SISLEY)

Plaintiffs adopt and reallege paragraphs 1 through 43, and further allege:

44.     This is an action for damages pursuant to 42 U.S.C. §1983.

45.     At all times material, the Defendant, SISLEY, acted under color and pretense of law, under color of statutes and customs of the State of Florida, and the statutes, ordinances, and customs of MIAMI-DADE POLICE DEPARTMENT.

46.     The Defendant, SISLEY, engaged in the illegal conduct alleged herein to the injury of the Plaintiff and deprived the Plaintiff of the rights, privileges and immunities

7

secured by the Fourth and Fourteenth Amendments to the United States Constitution and the laws of the United States.

47.    In furtherance of his illegal acts, Defendant, SISLEY, caused an illegal arrest, illegal detention, and illegal prosecution unsupported by probable cause that Plaintiff had committed a criminal offense.

48.    The above referenced actions deprived Plaintiff of the following rights secured under the United States Constitution:

        a.    Freedom from an unlawful seizure and/or detention of his person;

        b.    Freedom from any unlawful search and seizure of his person; and,

        c.    Freedom from prosecution except upon probable cause for the belief that Plaintiff had committed a criminal offense.

49.    As a result of the unlawful and/or unreasonable attempt to mete out summary punishment on Plaintiff; the unlawful arrest and detention of Plaintiff; the unlawful and malicious prosecution of Plaintiff; the unlawful search and seizure of Plaintiff; and the unlawful denial of Plaintiff's rights guaranteed to him by the laws of the United States and the State of Florida, the Defendant, SISLEY, deprived Plaintiff of his rights in violation of the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §1983.

50.    Defendant, MIAMI-DADE POLICE DEPARTMENT, is liable pursuant to an established policy, custom or usage of FRED TAYLOR and the MIAMI-DADE POLICE DEPARTMENT because, among other reasons:

        a.    On information and belief, MIAMI-DADE POLICE DEPARTMENT and FRED TAYLOR failed, through reckless and/or deliberate and/or conscious indifference, to instruct, supervise, control, and discipline on a continuing basis, MIAMI-DADE POLICE DEPARTMENT,

8

officers, in their duty to refrain from unlawfully or maliciously harassing or wrongfully arresting or prosecuting citizens; and,

b.    On information and belief, MIAMI-DADE POLICE DEPARTMENT and FRED TAYLOR did not properly train their police officers and were recklessly, deliberately or consciously indifferent to the deficiencies of these officers.

51.    On information and belief, MIAMI-DADE POLICE DEPARTMENT and FRED TAYLOR had the power to prevent or aid in preventing the commission of said wrongs, and could have done so by reasonable diligence; but knowingly, recklessly and with deliberate and conscious indifference failed or refused to do so and/or tacitly approved such wrong.

52.    On information and belief, prior to the incident herein and thereafter, MIAMI-DADE POLICE DEPARTMENT and Director TAYLOR permitted, tolerated, condoned and/or tacitly approved the pattern and practice of unjustified, unreasonable and illegal arrests, assaults, batteries and prosecutions by police officers.

53.    Upon information and belief, MIAMI-DADE POLICE DEPARTMENT through Director TAYLOR has also been recklessly and/or consciously indifferent towards the enforcement of its own policies and procedures.

54.    As a direct and proximate result of the actions or omissions of Defendant, MIAMI-DADE POLICE DEPARTMENT and SISLEY as aforesaid, Plaintiffs have sustained those damages as set forth hereinabove.

WHEREFORE, Plaintiffs demand judgment against Defendant, MIAMI-DADE POLICE DEPARTMENT, for compensatory damages, costs, attorneys fees, and such other relief as the Court deems just and equitable. Further, Plaintiffs demand judgement against Defendant, SISLEY, for compensatory and punitive damages, costs, attorneys fees and such other relief as the Court deems just and equitable.

9

## COUNT II
## CLAIM FOR VIOLATION OF 42 U.S.C. §1983
### (Defendant, SOUTH FLORIDA STADIUM CORPORATION,
### d/b/a PRO PLAYER STADIUM)

Plaintiffs adopt and reallege paragraphs 1 through 43, and further allege:

55.    This is an action for damages pursuant to 42 U.S.C. §1983.

56.    During all times material, Defendant, SISLEY, acted under color and pretense of law, under color of statutes and customs of the State of Florida, and the statutes, ordinances, and customs of MIAMI-DADE POLICE DEPARTMENT.

57.    Defendant, SISLEY, engaged in the illegal conduct alleged herein to the injury of the Plaintiff and deprived the Plaintiff of the rights, privileges and immunities secured by the Fourth and Fourteenth Amendments to the United States Constitution and the laws of the United States.

58.    In further perpetration of his illegal acts, Defendant, SISLEY, executed an illegal arrest, illegal detention, and illegal prosecution unsupported by probable cause that Plaintiff had committed a criminal offense.

59.    The above referenced actions deprived Plaintiff of the following rights secured under the United States Constitution:

a.    Freedom from an unlawful seizure and/or detention of his person;

b.    Freedom from any unlawful search and seizure of his person; and,

c.    Freedom from prosecution except upon probable cause for the belief that Plaintiff had committed a criminal offense.

60.    Defendant, SISLEY, subjected Plaintiff to such deprivation willfully, intentionally, maliciously, and with reckless disregard of Plaintiff's rights, the nature of which warrants the imposition of punitive damages against Defendant, SOUTH FLORIDA

10

STADIUM CORPORATION d/b/a PRO PLAYER STADIUM.

61.    Defendant, PRO PLAYER STADIUM, is a person under §1983 and is liable under §1983 because SISLEY acted under color of law, for the benefit of PRO PLAYER STADIUM, and performed a law enforcement activity and utilized his authority under color of law as a police officer to enforce the policies of SOUTH FLORIDA STADIUM CORPORATION d/b/a PRO PLAYER STADIUM with regard to Plaintiff's rights to remain on the premises.

62.    As a result of the unlawful and/or reasonable attempt to mete out summary punishment on Plaintiff; the unlawful and/or malicious arrest and/or detention of Plaintiff; the unlawful and/or malicious prosecution of Plaintiff; the unlawful and/or malicious search and seizure; and the unlawful and/or malicious denial of Plaintiff's rights guaranteed to him by the laws of the United States and the State of Florida, the Defendant, SISLEY, deprived Plaintiff of his rights in violation of the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §1983.

63.    Defendant, SOUTH FLORIDA STADIUM CORPORATION, d/b/a PRO PLAYER STADIUM, is liable because it is a person under §1983; it utilized a police officer to act under color of law on its behalf; it utilized a police officer to enforce the policies of SOUTH FLORIDA STADIUM CORPORATION, d/b/a PRO PLAYER STADIUM with regard to Plaintiff's rights to remain on the premises; and because it performed a law enforcement function for PRO PLAYER STADIUM when SISLEY ordered Plaintiff to leave the premises or enter the stadium on behalf of PRO PLAYER STADIUM and then arrested Plaintiff.

64.    On information and belief, SOUTH FLORIDA STADIUM CORPORATION, d/b/a PRO PLAYER STADIUM had the power to prevent or aid in preventing the

11

commission of said wrongs, and could have done so by reasonable diligence; but knowingly, recklessly and with deliberate and conscious indifference failed or refused to do so and/or tacitly approved such wrong.  Further, Defendant, SOUTH FLORIDA STADIUM CORPORATION, d/b/a PRO PLAYER STADIUM, had the express policy and/or delegated a police officer to carte blanche authority to arrest persons such as the Plaintiff even if such persons were lawfully on the property.

65.    On information and belief, prior to the incident herein and thereafter, Defendant, SOUTH FLORIDA STADIUM CORPORATION, d/b/a PRO PLAYER STADIUM, permitted, tolerated, condoned, and or tacitly approved the pattern and practice of unjustified, unreasonable and illegal arrests, assaults, batteries, and prosecutions by police officers.

66.    As a direct and proximate result of the actions or omissions of Defendant, SOUTH FLORIDA STADIUM CORPORATION, d/b/a PRO PLAYER STADIUM, as aforesaid, Plaintiffs have sustained such damages as set forth hereinabove.

WHEREFORE, Plaintiffs demand judgment against the Defendant, SOUTH FLORIDA STADIUM CORPORATION, d/b/a PRO PLAYER STADIUM, for compensatory and punitive damages against the Defendant, SOUTH FLORIDA STADIUM CORPORATION, d/b/a PRO PLAYER STADIUM, costs, attorney's fees, and such other relief as the Court deems just and equitable.

### COUNT III
### CLAIM FOR VIOLATION OF 42 U.S.C. §1983
### (Defendants, MIAMI DOLPHINS, LTD. and
### SOUTH FLORIDA FOOTBALL CORPORATION)

Plaintiffs adopt and reallege paragraphs 1 through 43, and further allege:

12

67.    This is an action for damages pursuant to 42 U.S.C. §1983.

68.    During all times material, Defendant, SISLEY, acted under color and pretense of law, under color of statutes and customs of the State of Florida, and the statutes, ordinances, and customs of MIAMI-DADE POLICE DEPARTMENT.

69.    Defendant, SISLEY, engaged in the illegal conduct alleged herein to the injury of the Plaintiff and deprived the Plaintiff of the rights, privileges and immunities secured by the Fourth and Fourteenth Amendments to the United States Constitution and the laws of the United States.

70.    In further perpetration of his illegal acts, Defendant, SISLEY, executed an illegal arrest, illegal detention, and illegal prosecution unsupported by probable cause that Plaintiff had committed a criminal offense.

71.    The above referenced actions deprived Plaintiff of the following rights secured under the United States Constitution:

        a.    Freedom from an unlawful seizure and/or detention of his person;

        b.    Freedom from any unlawful search and seizure of his person; and,

        c.    Freedom from prosecution except upon probable cause for the belief that Plaintiff had committed a criminal offense.

72.    Defendant, SISLEY, subjected Plaintiff to such deprivation willfully, intentionally, maliciously, and with reckless disregard of Plaintiff's rights, the nature of which warrants the imposition of punitive damages against Defendant, MIAMI DOLPHINS, LTD.

73.    Defendant, MIAMI DOLPHINS, LTD., is a person under §1983 and is liable under §1983 because SISLEY acted under color of law, for the benefit of MIAMI

13

DOLPHINS, LTD., and performed a law enforcement activity and utilized his authority under color of law as a police officer to enforce the policies of MIAMI DOLPHINS, LTD., with regard to Plaintiff's rights to remain on the premises.

74.    As a result of the unlawful and/or reasonable attempt to mete out summary punishment on Plaintiff; the unlawful and/or malicious arrest and/or detention of Plaintiff; the unlawful and/or malicious prosecution of Plaintiff; the unlawful and/or malicious search and seizure; and the unlawful and/or malicious denial of Plaintiff's rights guaranteed to him by the laws of the United States and the State of Florida, the Defendant, SISLEY, deprived Plaintiff of his rights in violation of the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §1983.

75.    Defendant, MIAMI DOLPHINS, LTD., is liable because it is a person under §1983; it utilized a police officer to act under color of law on its behalf; it utilized a police officer to enforce the policies of MIAMI DOLPHINS, LTD. with regard to Plaintiff's rights to remain on the premises; and because it performed a law enforcement function for MIAMI DOLPHINS, LTD. when SISLEY ordered Plaintiff to leave the premises or enter the stadium on behalf of MIAMI DOLPHINS, LTD. and then arrested Plaintiff.

76.    On information and belief, MIAMI DOLPHINS, LTD., had the power to prevent or aid in preventing the commission of said wrongs, and could have done so by reasonable diligence; but knowingly, recklessly and with deliberate and conscious indifference failed or refused to do so and/or tacitly approved such wrong.  Further, Defendant, MIAMI DOLPHINS, LTD., had the express policy and/or delegated a police officer to carte blanche authority to arrest persons such as the Plaintiff even if such persons were lawfully on the property.

14



77.     On information and belief, prior to the incident herein and thereafter, Defendant, MIAMI DOLPHINS, LTD., permitted, tolerated, condoned, and or tacitly approved the pattern and practice of unjustified, unreasonable and illegal arrests, assaults, batteries, and prosecutions by police officers.

78.     As a direct and proximate result of the actions or omissions of Defendant, MIAMI DOLPHINS, LTD., as aforesaid, Plaintiffs have sustained such damages as set forth hereinabove.

WHEREFORE, Plaintiffs demand judgment against the Defendants, MIAMI DOLPHINS, LTD. and SOUTH FLORIDA FOOTBALL CORPORATION, for compensatory and punitive damages, costs, attorney's fees, and such other relief as the Court deems just and equitable.

**COUNT IV**
**ASSAULT AND BATTERY**
**(As to Defendant, ROBERT SISLEY)**

Plaintiffs adopt and reallege paragraphs 1 through 43, and further allege:

79.     Upon arrest, Defendant, SISLEY, intentionally assaulted and battered Plaintiff as set forth herein.

80.     At all times material, the Defendant, SISLEY, acted in bad faith and/or with malicious purpose, and/or in a manner exhibiting wanton and willful disregard of human rights and safety.

81.     As a direct and proximate result of these actions by Defendant, SISLEY, Plaintiffs have sustained damages as set forth hereinabove.

WHEREFORE, Plaintiffs demand judgment against Defendant, SISLEY, for compensatory and punitive damages, costs and such other relief as the Court may deem

15

appropriate and equitable.

## COUNT V
## ASSAULT AND BATTERY
### (As to Defendant, MIAMI-DADE POLICE DEPARTMENT,
### f/k/a METRO-DADE COUNTY POLICE DEPARTMENT;
### ALTERNATE TO COUNT IV)

Plaintiffs adopt and reallege paragraphs 1 through 43, and 79 through 81, and further allege:

82.    At the time Plaintiff was arrested, assaulted and battered by Defendant, SISLEY, SISLEY was acting within the course and scope of his employment and/or agency with the MIAMI-DADE POLICE DEPARTMENT, and supervised by Director TAYLOR.

83..    The Defendant, MIAMI-DADE POLICE DEPARTMENT, is vicariously responsible for the acts of its employees and/or agents.

84.    The Defendant, MIAMI-DADE POLICE DEPARTMENT, is directly responsible for the assault and battery committed because of the reasons stated above, and because SISLEY was acting within the course and scope of his employment and/or agency as a MIAMI-DADE POLICE DEPARTMENT officer when said tort occurred.

85.    As a direct and proximate result of the actions or omissions of the MIAMI-DADE POLICE DEPARTMENT and its police officer, SISLEY, Plaintiffs have sustained those damages as set forth hereinabove.

WHEREFORE, Plaintiffs demand judgment against Defendant, MIAMI DADE POLICE DEPARTMENT, for compensatory damages, costs and such other relief as the Court may deem appropriate and equitable.

16

**COUNT VI**
**ASSAULT AND BATTERY**
**(As to Defendant, DOLPHIN STADIUM CORPORATION,**
**d/b/a PRO PLAYER STADIUM)**

Plaintiffs adopt and realleges 1 through 43, and 79 through 81, and further allege:

86.    At the time Plaintiff was arrested, assaulted and battered by Defendant, SISLEY, SISLEY was acting within the course and scope of his employment and/or agency with DOLPHIN STADIUM CORPORATION, d/b/a PRO PLAYER STADIUM.

87.    The Defendant, DOLPHIN STADIUM CORPORATION, d/b/a PRO PLAYER STADIUM, is vicariously responsible for the acts of its employees and/or agents.

88.    The Defendant, DOLPHIN STADIUM CORPORATION, d/b/a PRO PLAYER STADIUM, is directly responsible for the assault and battery committed because of the reasons stated above and because SISLEY was acting within the course and scope of his employment and/or agency for Defendant, DOLPHIN STADIUM CORPORATION, d/b/a PRO PLAYER STADIUM, when said tort occurred.

89.    As a direct and proximate result of the actions or omissions of the Defendant, SOUTH FLORIDA STADIUM CORPORATION, d/b/a PRO PLAYER STADIUM, and its employee and/or agent SISLEY, Plaintiffs have sustained those damages as set forth hereinabove.

WHEREFORE, Plaintiffs demand judgment against Defendant, DOLPHIN STADIUM CORPORATION, for compensatory and punitive damages, costs and such other relief as the Court may deem appropriate and equitable.

17

## COUNT VII
## ASSAULT AND BATTERY
## (As to Defendant, MIAMI DOLPHINS, LTD. and
## SOUTH FLORIDA FOOTBALL CORPORATION)

Plaintiffs adopt and reallege paragraphs 1 through 43, and 79 through 81, and further allege:

90.    At the time Plaintiff was arrested, assaulted and battered by Defendant, SISLEY, SISLEY was acting within the course and scope of his employment and/or agency with MIAMI DOLPHINS, LTD.

91.    The Defendant, MIAMI DOLPHINS, LTD., is vicariously responsible for the acts of its employees and/or agents.

92.    The Defendant, MIAMI DOLPHINS, LTD., is directly responsible for the assault and battery committed because of the reasons stated above, and because SISLEY was acting within the course and scope of his employment and/or agency for MIAMI DOLPHINS, LTD., when said tort occurred.

93.    As a direct and proximate result of the actions or omissions of the Defendants, MIAMI DOLPHINS, LTD. and SISLEY, Plaintiffs have sustained those damages as set forth hereinabove.

WHEREFORE, Plaintiffs demand judgment against Defendant, MIAMI DOLPHINS, LTD. and SOUTH FLORIDA FOOTBALL CORPORATION, for compensatory and punitive damages, costs and such other relief as the Court may deem appropriate and equitable.

## COUNT VIII
## MALICIOUS PROSECUTION
## (As to Defendant, ROBERT SISLEY)

Plaintiffs adopt and reallege paragraphs 1 through 43, and further allege:

94.    Defendant, SISLEY, knew that there was no basis for charging Plaintiff with

18

trespassing with warning, but did so maliciously.

95.    The Defendant, SISLEY, either initiated or aided and assisted in the malicious prosecution of Plaintiff.

96.    The Defendant, SISLEY, either individually or in concert, instituted the criminal proceedings with malice, placed law in motion, and caused Plaintiff to be maliciously prosecuted. These illegal actions and prosecution were initiated, or contributed to by Defendant, SISLEY.

97.    Officer SISLEY provided false oral or written reports to the MIAMI-DADE POLICE DEPARTMENT and the State Attorney to further facilitate the malicious prosecution of Plaintiff.

98.    There was no probable cause for the criminal prosecution initiated against Plaintiff, and such prosecution was motivated by the desire to cover up the deprivation of Plaintiff's rights by Defendant, SISLEY.  SISLEY had insufficient reasons to believe that Plaintiff had committed any crime.

99.    The criminal action brought against the Plaintiff was <u>nolle prosequied</u> by the State Attorney.

100.    As a direct and proximate result of the actions of Defendant, SISLEY, Plaintiffs have sustained those damages as more fully set hereinabove, and attorneys fees incurred to defend against the criminal charges brought against the Plaintiff.

WHEREFORE, Plaintiffs demand judgment against Defendant, SISLEY, for compensatory and punitive damages, costs and such other relief as the Court may deem appropriate and equitable.

19

## COUNT IX
### FALSE IMPRISONMENT AND DETENTION
### (As to Defendant, ROBERT SISLEY)

Plaintiffs adopt and reallege paragraphs 1 through 43, and further allege:

101.    Plaintiff was wrongfully detained, arrested, and confined by Defendant, SISLEY, under color of law, and within the course and scope of his duties as a MIAMI-DADE POLICE DEPARTMENT, f/k/a METRO-DADE COUNTY POLICE DEPARTMENT officer.

102.    Defendant, SISLEY, continued to falsely hold and detain Plaintiff with the charges of trespassing and without probable cause.

103.    Once Plaintiff was illegally arrested, Defendant, SISLEY, knowingly or unreasonably continued the false imprisonment of Plaintiff by not allowing him to leave and illegally detaining him by use of excessive force, threat or coercion.

104.    The false arrest was conducted in bad faith and with willful, wanton and reckless disregard of Plaintiff's rights.

105.    As a direct and proximate result of the action of the Defendant, SISLEY, Plaintiffs have sustained damages as more fully described hereinabove.

WHEREFORE, Plaintiffs demand judgment against Defendant, SISLEY, for compensatory and punitive damages, costs and such other relief as the Court may deem appropriate and equitable.

## COUNT X
### ALTERNATIVE TO COUNT IX, FALSE IMPRISONMENT AND DETENTION
### (As to Defendant, MIAMI-DADE POLICE DEPARTMENT, f/k/a METRO-DADE COUNTY POLICE DEPARTMENT,)

Plaintiffs adopt and reallege paragraphs 1 through 43, and 101 through 105, and further allege:

20

106. Defendant, SISLEY, was acting within the course and scope of his employment with MIAMI-DADE POLICE DEPARTMENT when he wrongfully arrested and later detained Plaintiff.

107. Defendant, MIAMI-DADE POLICE DEPARTMENT, is vicariously responsible for the acts of its employees and/or agents.

108. Defendant, MIAMI-DADE POLICE DEPARTMENT, is directly responsible for the false arrest and false imprisonment caused by its employee SISLEY because said employee acted within the course and scope of his employment.

109. As a direct and proximate result of Defendant's actions or omissions, Plaintiffs have sustained damages as more fully described hereinabove.

WHEREFORE, Plaintiffs demand judgment against Defendant, MIAMI-DADE POLICE DEPARTMENT, for compensatory damages, costs and such other relief as the Court may deem appropriate and equitable.

## COUNT XI
## FALSE IMPRISONMENT AND DETENTION
### (As to Defendant, SOUTH FLORIDA STADIUM CORPORATION, d/b/a PRO PLAYER STADIUM)

Plaintiffs adopt and reallege paragraphs 1 through 43, and 101 through 105, and further allege:

110. Defendant, SISLEY, was acting within the course and scope of his employment and/or agency with SOUTH FLORIDA STADIUM CORPORATION, d/b/a PRO PLAYER STADIUM when he wrongfully arrested and later detained Plaintiff.

111. Defendant, SOUTH FLORIDA STADIUM CORPORATION, d/b/a PRO PLAYER STADIUM, is vicariously responsible for the acts of its employees and/or agents.

112. Defendant, SOUTH FLORIDA STADIUM CORPORATION, d/b/a PRO

21

PLAYER STADIUM, is directly responsible for the false arrest and false imprisonment caused by its employee and/or agent SISLEY because said employee and/or agent acted within the course and scope of his employment and/or agency.

113.   As a direct and proximate result of Defendant's actions or omissions, Plaintiffs have sustained damages as more fully described hereinabove.

WHEREFORE, Plaintiffs demand judgment against Defendant, SOUTH FLORIDA STADIUM CORPORATION for compensatory and punitive damages, costs and such other relief as the Court may deem appropriate and equitable.

**COUNT XII**
**FALSE IMPRISONMENT AND DETENTION**
**(As to Defendants, MIAMI DOLPHINS, LTD. and**
**SOUTH FLORIDA FOOTBALL CORPORATION)**

Plaintiffs adopt and reallege paragraphs 1 through 43, and 101 through 105, and further allege:

114.   Defendant, SISLEY, was acting within the course and scope of his employment and/or agency with MIAMI DOLPHINS, LTD. when he wrongfully arrested and later detained Plaintiff.

115.   Defendant, MIAMI DOLPHINS, LTD., is vicariously responsible for the acts of its employees and/or agents.

116.   Defendant, MIAMI DOLPHINS, LTD., is directly responsible for the false arrest and false imprisonment caused by its employee and/or agent SISLEY because said employee and/or agent acted within the course and scope of his employment and/or agency.

117.   As a direct and proximate result of Defendant's actions or omissions, Plaintiffs have sustained damages as more fully described hereinabove.

22

WHEREFORE, Plaintiffs demand judgment against Defendants, MIAMI DOLPHINS, LTD. and SOUTH FLORIDA FOOTBALL CORPORATION, for compensatory and punitive damages, costs and such other relief as the Court may deem appropriate and equitable.

## COUNT XIII
## ATTORNEY'S FEES

118.    At all times material hereto, Plaintiff, MASHAAN GUY, retained the undersigned counsel to represent him in prosecuting his claims for deprivation of constitutional and civil rights pursuant to 42 U.S.C. §1983 and §1998; and accordingly, is entitled to an award of reasonable attorney's fees and costs as incurred herein.

WHEREFORE, Plaintiffs move this Honorable Court for an award of attorney's fees against the Defendants should he prevail on those Counts as to which attorney's fees are available.

## COUNT XIV
## DEMAND FOR JURY TRIAL

119.    Plaintiffs demand trial by jury of all issues so triable as a right by a jury.

DATED this  _17_  day of  _December_ , 1999.

> MALOVE & KAUFMAN, P.A.
> Attorneys for Plaintiffs
> 48 East Flagler Street - PH 104
> Miami, Florida 33131
> (305) 577-0077
>
>
> BY: _Stephen L. Malove_
>        Stephen L. Malove

23

LAW OFFICES OF

# MALOVE & KAUFMAN, P.A.

STEPHEN L. MALOVE*
MICHAEL "ROY" KAUFMAN†

OF COUNSEL

MARC H. BRAWERo

* ALSO ADMITTED IN PENNSYLVANIA
† ALSO ADMITTED IN TEXAS
o ALSO ADMITTED IN NEW YORK

PENTHOUSE
FLAGLER STATION
48 EAST FLAGLER STREET
MIAMI, FLORIDA 33131

TELEPHONE: (305) 577-0077
FAX: (305) 373-6116

BROWARD OFFICE:
SUITE 204
7771 W. OAKLAND PARK BOULEVARD
SUNRISE, FLORIDA 33351
TELEPHONE: (954) 764-1277

March 4, 1999

**CERTIFIED MAIL RETURN
RECEIPT REQUESTED**

Fred Taylor, Director
Metropolitan Dade County
Police Department
9105 N.W. 25th Street
Miami, Florida 33172

Alex Pinellas, Mayor
Miami-Dade County
111 N.W. First Street
17th Floor
Miami, Florida 33128

Bill Nelson
Insurance Commissioner
State of Florida
The Capitol
Tallahassee, Florida

RE:   COMPLIANCE WITH FLORIDA STATUTE §768.28 et seq.

| | | |
|---|---|---|
| Our Client | : | Mashaan Guy |
| Claimant's Date of Birth | : | September 9, 1958 |
| Claimant's Place of Birth | : | Chicago, IL |
| Claimant's Social Security | : | 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 |
| | | |
| Claimant's wife | : | Jackie Guy |
| Date of Birth | : | March 6, 1960 |
| Place of Birth | : | Brooklyn, New York |
| Social Security No. | : | 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 |
| | | |
| Adjudicated Claims in excess of $200.00 | : | None |

Dear Sirs:

Please be advised that the undersigned attorneys represent the above-named Claimants wherein our clients suffered damages as a result of an incident that occurred on December 21, 1998. On said date, Mashaan Guy was lawfully on the premises of Pro-Player Stadium with season tickets in hand. Mr. Guy, a season ticket holder, was waiting for one of his

**EXHIBIT** "A"

Page - 2 -
March 4, 1999

friends to arrive so that they could attend the scheduled game. Sgt. R. Sisley working as an off-duty officer at Pro-Player Stadium arrested Mashaan Guy allegedly for trespassing. Mr. Guy was handcuffed and taken to the Dade County Jail where he was booked and imprisoned. Metro-Dade Police Department prosecuted Mr. Guy until such time as the Miami-Dade County attorney nolle prosequied the action.

It is contended that Miami-Dade County and the Metro-Dade Police Department, by and through Sgt. R. Sisley and/or the Metro-Dade Police Department, individually, committed the following tortious acts:

    a.    False arrest;
    b.    False imprisonment;
    c.    Malicious prosecution;
    d.    Assault and battery;
    e.    Negligent infliction of emotional distress;
    f.    Intentional infliction of emotional distress;
    g.    Violation of 42 U.S.C. §1983.

The claimants have suffered permanent damages as a result of the tortious conduct referred to above. The claimants intend to pursue any and all legal remedies permitted under Florida and federal law and are seeking damages.

This notice letter is being submitted in compliance with the applicable provisions of Florida Statute §768.28. If this letter is found to be deficient in any particulars, of if any additional governmental entity needs to be notified, it is requested that prompt notification be submitted to the undersigned.

It is further requested that the legal entity having responsibility to investigate this claim do so promptly and make every effort to amicably resolve this claim and/or deny the claim in writing before the expiration of the six month period provided by the aforementioned statute.

Pursuant to Florida Statute §119. et seq. (Public Records Act), it is requested that the Metro-Dade Police Department and/or Miami-Dade County provide the following documents forthwith:

    1.    A full and complete copy of the personnel and credentials file of Sgt. R. Sisley;

Page - 3 -
March 4, 1999

2.    A full and complete copy of the Complaint/Arrest Affidavit concerning Mashaan Guy, police case number 625285-J (U?).

3.    Any and all contracts and/or agreements and/or other writings between Miami-Dade County and/or Metropolitan Dade County Police Department with the Miami Dolphins and/or Pro-Player Stadium with regard to the provision of off-duty police officers at Pro-Player Stadium in effect for the two year period prior to and including December 21, 1998;

4.    Any and all payroll records of Sgt. R. Sisley with regard to providing services both on duty and off duty at Pro-Player Stadium and/or on behalf of the Miami Dolphins for all time periods during which said services were provided;

5.    A complete list of all Metro-Dade Police Department personnel providing on duty and/or off duty services at Pro-Player Stadium on December 21, 1998;

6.    All S.O.P.'s, policies and procedures or other writings setting forth the responsibilities and duties of on duty and off duty police officers with regard to providing services at Pro-Player Stadium and/or on behalf of the Miami Dolphins during the two year period prior to and including December 21, 1998;

7.    Provide any and all memoranda, correspondence and other writings between Miami-Dade County and Pro-Player Stadium and/or the Miami Dolphins with regard to the provision of on duty and/or off duty police officers during the two year period prior to and including December 21, 1998 and to date;

8.    Provide a full and complete copy of any and all arrest records, booking records, narrative reports, supplements, affidavits, notes, and any and all papers whatsoever generated by and/or on behalf of the Metropolitan Dade County Police Department with regard to Mashaan Guy, police case number: 625285 J (U?).

9.    Provide any and all memoranda, correspondence and the like between Metropolitan Dade County Police Department and Pro-Player Stadium and/or the Miami Dolphins with regard to "ticket scalpers" at Pro-Player Stadium during the two year period prior to and including December 21, 1998 and to date;

Page - 4 -
March 4, 1999

10.   Produce any and all policies and procedures, memoranda, and standard operating procedures of the Metropolitan Dade County Police Department with regard to handling cases involving "ticket scalpers" in effect for the two year period prior to and including December 21, 1998 and to date;

11.   Produce any and all photographs of Mashaan Guy;

12.   Produce any and all correspondence, writings and other documents between Metropolitan Dade County Police Department and Pro-Player Stadium and/or the Miami Dolphins with regard to "trespassers" at Pro-Player Stadium in effect for the two year period prior to and including December 21, 1998 and to date;

13.   Produce any and all policies and procedures and S.O.P.'s of the Metropolitan Dade County Police Department with regard to handling matters involving "trespassers" at Pro-Player Stadium during the two year period prior to and including December 21, 1998 and to date;

14.   Produce any and all policies and procedures in the possession of Metropolitan Dade County generated by the Miami Dolphins and/or Pro-Player Stadium with regard to trespassing and "ticket scalpers" at Pro-Player Stadium;

15.   Produce any and all policies and procedures, S.O.P.'s and other documentation of the Metropolitan Dade County Police Department regarding racial discrimination of arrestees in effect during the two year period prior to and including December 21, 1998 and to date;

16.   Provide documentation evidencing the chain of command and/or hierarchy of all on duty and off duty Metro-Dade Police Department personnel at Pro-Player Stadium on December 21, 1998. Include in your response the name of and rank of each and every individual at Pro-Player Stadium on said date.

Sincerely,

MALOVE & KAUFMAN, P.A.

Stephen L. Malove
SLM/mrr

**SENDER:**
• Complete items 1 and/or 2 for additional services.
• Complete items 3, and 4a & b.
• Print your name and address on the reverse of this form so that we can return this card to you.
• Attach this form to the front of the mailpiece, or on the back if space does not permit.
• Write "Return Receipt Requested" on the mailpiece below the article number.
• The Return Receipt will show to whom the article was delivered and the date delivered.

I also wish to receive the following services (for an extra fee):

1. ☐ Addressee's Address

2. ☐ Restricted Delivery
Consult postmaster for fee.

3. Article Addressed to:

*Fred Taylor, Director*
*Metropolitan Dade County*
*Police Department*
*9105 NW 25ᵗʰ Street*
*Miami Fl 33172*

4a. Article Number
Z 286 499 712

4b. Service Type
☐ Registered      ☐ Insured
☒ Certified        ☐ COD
☐ Express Mail    ☐ Return Receipt for Merchandise

7. Date of Delivery

5. Signature (Addressee)

6. Signature (Agent)


8. Addressee's Address (Only if requested and fee is paid)

PS Form **3811**, December 1991      ☆U.S. GPO: 1993—352-714      **DOMESTIC RETURN RECEIPT**

Is your RETURN ADDRESS completed on the reverse side?

Thank you for using Return Receipt Service

---

Z 286 499 712

## Receipt for Certified Mail
No Insurance Coverage Provided
Do not use for International Mail
(See Reverse)

PS Form 3800, March 1993

Sent to
*Fred Taylor Director*

Street and No.
*Metro Dade Cty*

P.O., State and ZIP Code
*Police Dept.*

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Special Delivery Fee | |
| Restricted Delivery Fee | |
| Return Receipt Showing to Whom & Date Delivered | |
| Return Receipt Showing to Whom, Date, and Addressee's Address | |
| TOTAL Postage & Fees | $ |
| Postmark or Date | |

*Miami*
*Oct 1R*

**SENDER:**
- Complete items 1 and/or 2 for additional services.
- Complete items 3, and 4a & b.
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write "Return Receipt Requested" on the mailpiece below the article number.
- The Return Receipt will show to whom the article was delivered and the date delivered.

I also wish to receive the following services (for an extra fee):

1. ☐ Addressee's Address

2. ☐ Restricted Delivery

Consult postmaster for fee.

| 3. Article Addressed to: | 4a. Article Number |
|---|---|
| *Alex Pirellie, Mayor* *Miami-Dade County* *111 NW First Street* *17th Floor* *Miami Fl 33128* | Z 286 499 713 |
| | 4b. Service Type |
| | ☐ Registered  ☐ Insured |
| | ☒ Certified  ☐ COD |
| | ☐ Express Mail  ☐ Return Receipt for Merchandise |
| | 7. Date of Delivery  *5-5-99* |
| 5. Signature (Addressee) | 8. Addressee's Address (Only if requested and fee is paid) |
| 6. Signature (Agent) | |

PS Form **3811**, December 1991    ☆U.S. GPO: 1993—352-714    **DOMESTIC RETURN RECEIPT**

*Is your RETURN ADDRESS completed on the reverse side?*

*Thank you for using Return Receipt Service.*

Z 286 499 713

**Receipt for Certified Mail**
No Insurance Coverage Provided
Do not use for International Mail
(See Reverse)

PS Form 3800, March 1993

| | |
|---|---|
| Sent to *Alex Pirellie,* | |
| Street and No. *Mayor* | |
| P.O., State and ZIP Code | |
| Postage | $ |
| Certified Fee | |
| Special Delivery Fee | |
| Restricted Delivery Fee | |
| Return Receipt Showing to Whom & Date Delivered | |
| Return Receipt Showing to Whom, Date, and Addressee's Address | |
| TOTAL Postage & Fees | $ |
| Postmark or Date | |

*Pirellie int ltr*

**SENDER:**
- Complete items 1 and/or 2 for additional services.
- Complete items 3, and 4a & b.
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write "Return Receipt Requested" on the mailpiece below the article number.
- The Return Receipt will show to whom the article was delivered and the date delivered.

I also wish to receive the following services (for an extra fee):

1. ☐ Addressee's Address

2. ☐ Restricted Delivery

Consult postmaster for fee.

3. Article Addressed to:

*Bill Nelson*
*Insurance Commissioner*
*State of Florida*
*The Capitol*
*Tallahassee, Fl*

4a. Article Number

Z 286 499 714

4b. Service Type
☐ Registered    ☐ Insured
☒ Certified     ☐ COD
☐ Express Mail  ☐ Return Receipt for Merchandise

7. Date of Delivery

MAR 0 8 1999

5. Signature (Addressee)

6. Signature (Agent)

8. Addressee's Address (Only if requested and fee is paid)

PS Form 3811, December 1991    ☆U.S. GPO: 1993—352-714    DOMESTIC RETURN RECEIPT

Is your RETURN ADDRESS completed on the reverse side?

Thank you for using Return Receipt Service.

---

Z 286 499 714

**Receipt for Certified Mail**

No Insurance Coverage Provided
Do not use for International Mail
(See Reverse)

PS Form 3800, March 1993

| Sent to *Bill Nelson* | |
| Street and No. *Ins. Comm* | |
| P.O., State and ZIP Code | |
| Postage | $ |
| Certified Fee | |
| Special Delivery Fee | |
| Restricted Delivery Fee | |
| Return Receipt Showing to Whom & Date Delivered | |
| Return Receipt Showing to Whom, Date, and Addressee's Address | |
| Total Postage & Fees | $ |
| Postmark or Date *Nishan not ltr* | |

**SENDER:**
- Complete items 1 and/or 2 for additional services.
- Complete items 3, and 4a & b.
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write "Return Receipt Requested" on the mailpiece below the article number.
- The Return Receipt will show to whom the article was delivered and the date delivered.

I also wish to receive the following services (for an extra fee):

1. ☐ Addressee's Address

2. ☐ Restricted Delivery

Consult postmaster for fee.

| 3. Article Addressed to: | 4a. Article Number |
|---|---|
| Department of Corrections Records Division 990 S.W First Street Second Floor Miami, Fl 33130 | Z 286 499 715 |

4b. Service Type
☐ Registered   ☐ Insured
☒ Certified   ☐ COD
☐ Express Mail   ☐ Return Receipt for Merchandise

7. Date of Delivery   3.05-99

5. Signature (Addressee)

6. Signature (Agent)

8. Addressee's Address (Only if requested and fee is paid)

PS Form **3811**, December 1991    ☆U.S. GPO: 1993—352-714    **DOMESTIC RETURN RECEIPT**

*Is your RETURN ADDRESS completed on the reverse side?*

*Thank you for using Return Receipt Service.*

# CIVIL COVER SHEET

## 00-6121

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTION ON THE REVERSE OF THE FORM.)

*CIV-DIMITROULEAS*
*MAGISTRATE JUDGE JOHNSON*

### I (a) PLAINTIFFS

MASHAAN GUY, et al.

### DEFENDANTS

MIAMI-DADE POLICE DEPARTMENT, et al.

*A: Broward 0: 00CV6121 WPD/LRT*

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** BROWARD
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT**  MIAMI-DADE
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
MALOVE & KAUFMAN, P.A.
48 East Flagler Street, Miami, Florida 33131
(305) 577-0077

ATTORNEYS (IF KNOWN)
JAMES J. ALLEN, Assistant County Attorney
Suite 2810, 111 Northwest First Street
(305) 375-5151

**(d) CIRCLE COUNTY WHERE ACTION AROSE:**
DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

### II. BASIS OF JURISDICTION
(PLACE AN X ONE BOX ONLY)

☐ 1. U.S. Government Plaintiff
☒ 3. Federal Question (U.S. Government Not a Party)
☐ 2. U.S. Government Defendant
☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES
(For Diversity Case Only)
(PLACE AN X ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business in This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business in Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

### IV. CAUSE OF ACTOIN
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.) Plaintiff claims civil rights violations pursuant to 42 U.S.C. Section 1983.

### IVa. Four days estimated (for both sides) to try entire case

### V. NATURE OF SUIT
(PLACE AN X IN ONE BOX ONLY)

**A CONTACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) B
☐ 153 Recovery of Overpayment of Veteran's Benefits B
☐ 160 Stockholder's Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability

**A TORTS**

**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

☐ 362 Personal Injury-Med Malpractice
☐ 365 Personal Injury-Product Liability
☐ 368 Asbestos Personnel Injury Product Liability

**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending B
☐ 380 Other Personnel Property Damage
☐ 385 Property Damage Product Liability

**B FORFEITURE PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**A LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor Management Relations B
☐ 730 Labor Management Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Employee Ret. Inc. Security Act B

**A BANKRUPTCY**
☐ 422 Appeal 28 USC 168
☐ 423 Withdrawal 28 USC 157

**A PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**B SOCIAL SECURITY**
☐ 861 h1a (1395a)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))

**A OTHER STATUS**
☐ 400 States Reappointment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc B
☐ 460 Deportation
☐ 470 Racketeer Influence and Corrupt Organizations
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12USC3
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Just
☐ 950 Constitutionality of State Statu
☐ 890 Other Statutory Actions* * A or B

**A REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure B
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tord Product Liability
☐ 290 All Other Real Property

**A CIVIL RIGHTS**
☐ 441 voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 444 Welfare
☒ 440 Other Civil Rights

**B PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence Habeas Corpus
☐ 530 General*
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights *A or B

**A FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS-Third Party 26 USC 7609

### VI. ORIGIN
☐ 1 Original Proceeding
☒ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Refiled
☐ 5. Transferred from another district(Specify)
☐ 6. Multidistrict Litigation
☐ 7. Appeal to District Judge from Magistrate Judgment

### VII. REQUESTED IN COMPLAINT DEMAND:
CHECK IF THIS IS A ☐ CLASS ACTION ☐ UNDER F.R.C.P. 23
☐ NO

**DEMAND $** ☐ Check YES only if demanded in complaint
JURY ☒ YES

### VIII. RELATED CASE(S) IF ANY
(See Instructions):
JUDGE _____  DOCKET NUMBER _____

DATE  1/25/00

SIGNATURE OR ATTORNEY OF RECORD

| UNITED STATES DISTRICT COURT | FOR OFFICE USE ONLY: | Receipt No: 810076 | Amount: 150 00 |
|---|---|---|---|
| | | Date Paid: 1/26/00 | M/fp: |