UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No: 00-CV-6121-CIV-DIMITROULEAS

Magistrate Johnson

MASHAAN GUY and JACQUELINE GUY,

    Plaintiffs,

vs.

**MOTION TO DISMISS**

MIAMI-DADE POLICE DEPARTMENT,
f/k/a METRO-DADE COUNTY POLICE
DEPARTMENT; SOUTH FLORIDA
STADIUM CORPORATION d/b/a PRO
PLAYER STADIUM; MIAMI DOLPHINS,
LTD.; SOUTH FLORIDA FOOTBALL
CORPORATION, General Partner of Miami
Dolphins, Ltd.; and ROBERT SISLEY,

    Defendants.
_____/

Defendants, MIAMI DOLPHINS, LIMITED, SOUTH FLORIDA FOOTBALL CORPORATION and SOUTH FLORIDA STADIUM CORPORATION d/b/a PRO PLAYER STADIUM, by and through its undersigned counsel, pursuant to Rules 12 (b)(1) and 12 (b)(6) moves this Honorable Court for entry of an order dismissing the Complaint for failing to state a claim upon which relief can be granted and as grounds state:

    1.    Plaintiffs' Complaint is for personal injuries allegedly suffered by Plaintiff as a result of a purported false arrest and imprisonment.

    2.    Plaintiff's Complaint contains numerous counts based on 42 USC Section 1983 and associated state law tort claims.

    3.    Plaintiff's Complaint should be dismissed in that, based solely on the allegations of the Complaint, there are insufficient facts alleged to establish that



Case No.:00-CV-6121-CIV-DIMITROULEAS

Defendants were state actors. Plaintiff's mere allegations to that effect cannot substitute for sufficient ultimate facts pled to establish a key element in a *prima fascia* case under 42 USC Section 1983.

4. As a matter of law, allegations that a police officer working in his capacity as members of the Metro-Dade Police Department on the premises of a private business made an arrest do not establish that the premises owner or possessor is a state actor under 42 USC Section 1983.

5  Even if this Defendant can be a state actor under 42 USC Section 1983, Plaintiff's complaint should be dismissed because based on the four corners of the complaint, this Defendant cannot be held vicariously liable for a violation of 42 USC Section 1983 as a matter of law. It has long been held by the United States Supreme Court and, specifically, the 11th Circuit that Section 1983 cannot be used to make a corporate defendant liable on a theory on *respondent superior* for the action of its alleged agents. Again, conclusory allegations by the Plaintiff that such liability exists under 42 USC Section 1983, are not sufficient to establish legal liability under a federal statute. Additionally, conclusary allegations in the complaint that report to satisfy section 1983's "policy" requirement likewise must fail as there are insufficient facts pled to establish liability on such a basis.

6. The state law tort claims also contained in this Complaint (i.e. false arrest, assault, battery, etc.) must also be dismissed. Based on a clear reading of the four corners of the complaint, the only conclusion that is supportable under the alleged facts is that

Case No.:00-CV-6121-CIV-DIMITROULEAS

Defendant, ROBERT SISELY, during the reported incidents of assault and battery and all of the other state law claims asserted in this Complaint, was acting in the course of a police matter and not as an agent for this Defendant. Plaintiff attempts to stretch the bounds of liability in this matter by making conclusary allegations that "at all times material Sisely was acting in the course and scope...". However, the actual ultimate facts pled in the Complaint speak to the contrary.

7. Additionally, it is a well honored principle in Florida law that the decision on whether or not to prosecute, arrest, find probable cause, etc. are all matters squarely falling within the realm of police work and not the actions of private corporations.

WHEREFORE, the Plaintiff's Complaint should be dismissed and any other relief deemed appropriate should be granted by this Court.

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

Defendants, SOUTH FLORIDA STADIUM CORPORATION d/b/a PRO PLAYER STADIUM, MIAMI DOLPHINS, LTD., and SOUTH FLORIDA FOOTBALL CORPORATION, (Hereafter, "the STADIUM DEFENDANTS") pursuant to Rules 41(b), 12(b)(1), 12(b)(6), Federal Rules of Civil Procedure (1997), moves this honorable Court for a dismissal of the plaintiff's Complaint for failing to state a claim upon which relief can be granted, and in support states as follows:

**INTRODUCTION**

Plaintiffs in this action have filed a Complaint against the STADIUM DEFENDANTS arising out of an incident alleged to have occurred on December 21, 1998, at PRO

*Case No.:*00-CV-6121-CIV-DIMITROULEAS

PLAYER STADIUM located in Dade County, Florida. According to the Complaint, Mr. GUY was arrested before a football game when he refused to leave the premises after being asked by Metro-Dade Police Officer, SISLEY. SISLEY was an officer on duty at PRO PLAYER STADIUM at the time of the alleged incident.

The Complaint alleges that the police officer was acting an agent or employee of the STADIUM DEFENDANTS when he arrested GUY and the subsequent criminal charges were dropped. Plaintiffs have filed a 13 Count Complaint against the defendants alleging various State tort claims and one (1) Federal claim, a violation of 42 U.S.C. §1983. The case was originally filed in the circuit court for Miami-Dade County, Florida and subsequently removed to this Federal Court on petition by defendants.

I. **THE CIVIL RIGHTS CLAIM AGAINST THE STADIUM DEFENDANTS MUST BE DISMISSED**

    A. **THE STADIUM DEFENDANTS CANNOT BE HELD VICARIOUSLY LIABLE UNDER SECTION 1983.**

42 U.S.C.A. § 1983 provides, in pertinent part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

The doctrine of vicarious liability or respondeat superior has been ruled out in cases

Case No.:00-CV-6121-CIV-DIMITROULEAS

arising under the Federal Civil Rights statutes. In *Rey v. Kmart Corporation and West Flagler Associates, Ltd.,* 11 Fla. L. Weekly Fed. D855 (S. D. Fla. 1998), this District Court held that a private corporation cannot be held liable under Section 1983 based upon vicarious liability. In *Rey*, plaintiffs were involved in a fracas at a KMART store after they refused to leave the premises while attempting to return merchandise. The plaintiffs, similar to the case at bar, were subsequently arrested and charged with trespass. After the criminal action was concluded, they filed a civil lawsuit against KMART and FLAGLER alleging, among other claims, a 1983 claim based upon the arrest and criminal prosecution of the plaintiffs by police officers working security on the premises.

In a case remarkably similar to the case at bar, the court dismissed the 1983 claim with prejudice and held that vicarious liability cannot be the basis of a 1983 claim. The court stated that the complaint failed to allege that the private corporation had clear corporate policy toward depriving persons such as plaintiffs of their constitutional rights.

In the case at bar, the complaint contains scant and conclusory allegations of a "policy" but fails to surpass the standard annunciated by the Southern District in *Rey*. In fact, the *Rey* court, relying upon *Iskander v. Village of Forest Park,* 690 F.2d 126 (7th Cir. 1982), specifically held that a premises owner or business cannot be held liable under 1983 for deprivation of constitutional rights for unlawfully detaining or harassing persons suspected of committing shoplifting or malfeasance on their premises.

In the instant case, the Complaint alleges that the arrests were in furtherance of a STADIUM DEFENDANTS' policy but fails to allege the nature of the policy. Assuming,

Case No.:00-CV-6121-CIV-DIMITROULEAS

arguendo, that the "policy" was to arrest trespassers, this is insufficient to establish liability. The District Court in *Rey* citing *Iskander, supra,* held that a direction to arrest persons engaged in malfeasance (shoplifting in *Iskander*) is not sufficient to establish vicarious liability. *Id* at 857. The policy alleged must be an unconstitutional policy. In the instant case, the policy would have to be a policy of false arrest or harassment. The plaintiffs Complaint is completely devoid of such allegations.[1]

In *Powell v. Shopco Laurel Co.*, 678 F.2d 504 (4th Cir. 1982) the court held that an individual allegedly beaten by a privately employed, state-licensed security guard could not recover in a lawsuit based on §1983 from the guard's employer on the doctrine of respondeat superior. 42 U.S.C.A. § 1983 creates a cause of action against persons whose misconduct under color of state law violates the constitutional rights of another. The court explained that in *Monell v. New York City Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), the Court decided that a municipal corporation could not be saddled with section 1983 liability via respondeat superior alone. The Powell court found that holding equally applicable to the liability of private corporations. The Fourth Circuit based its decision on two aspects of the *Monell* decision. In *Monell,* the Court found section 1983 evinced a Congressional intention to exclude the imposition of vicarious answerability. For a third party to be liable the statute demands of the plaintiff proof that the former "caused" the deprivation of his Federal rights. 436 U.S. at 691-92,

---

[1]/ It is presumed that such facts are not alleged because opposing counsel is aware that they would be unsupportable.

Case No.:00-CV-6121-CIV-DIMITROULEAS

98 S.Ct. at 2036. The *Monell* Court observed that the policy considerations underpinning the doctrine of respondeat superior were insufficient to warrant integration of that doctrine into the statute. *Id.* at 694, 98 S.Ct. at 2037.

The Fourth Circuit opined: "No element of the Court's *ratio decided* lends support for distinguishing the case of a private corporation." 504 F.2d at 506

Similarly in *Draeger v Grand Cent., Inc.*, 504 F.2d 142 (10th Cir. 1974) the court reversed a District Court judgment imposing liability under 42 U.S.C.A. § 1983 on a department store for violations of civil rights of the plaintiff by a policeman employed as a security guard in the store. The court stated that the department store could not be held liable solely as a master or principal. Noting that the doctrine of respondeat superior had generally been held inapplicable to public officials for §1983 violations of subordinates, the court, while admitting that there was very little law at that time as to whether a private entity having a police officer in its employ is liable on a vicarious liability basis, stated that in the court's view there is less reason for imposing vicarious liability on such an employer than on a public official, since the entire thrust of § 1983 requires, consistent with the Fourteenth Amendment, official state action. Thus, the court continued, a private entity does not have the requisite official character and thus cannot be reasonably concluded to be representing the state.

In *Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973) an effort had been made to subject the police chief to liability because the act in question had occurred in close proximity to him. The court conceded that 1983, being a remedial statute, was entitled to

*Case No.:*00-CV-6121-CIV-DIMITROULEAS

a liberal construction, but also ruled vicarious liability to be inappropriate. The Court of Appeals for the Eighth Circuit held: 'We . . . expressly reject the application of the doctrine (of respondeat superior) on this set of facts, as have the vast majority of federal courts in cases such as this.' 476 F.2d at 1274.

The complaint fails to allege any basis of holding the STADIUM DEFENDANTS liable under §1983 except the vicarious liability for the actions of police officer, SISLEY in his conduct while attempting to extricate the plaintiff from PRO PLAYER STADIUM and the ensuing criminal prosecution. Since the STADIUM DEFENDANTS cannot be held vicariously liable for the alleged acts, the 1983 claim must be dismissed.

**B. THE COMPLAINT FAILS TO ALLEGE SUFFICIENT FACTS TO ESTABLISH THAT THE STADIUM DEFENDANTS WERE STATE ACTORS UNDER SECTION 1983**

In order to assert a claim under 42 U.S. Code §1983, a plaintiff must allege sufficient facts to establish that the STADIUM DEFENDANTS were acting "under color of State law". *Harvey v. Harvey*, 1949 F.2d 1127 (11th Cir., 1992). In conclusory manner, the plaintiff's Complaint alleges in several portions that the STADIUM DEFENDANTS were acting under color of State law. However, this conclusory allegation is not sufficient to survive a motion to dismiss under Federal Rules of Civil Procedure 12(b)(6). Plaintiff's have attempted to assert in their Complaint that the STADIUM DEFENDANTS were acting under color of State law simply by asserting that the person making the allegedly false arrest was a Metro Dade police officer. Nowhere in the Complaint is there any factual basis establishing that the STADIUM DEFENDANTS "so far insinuated itself into a position of interdependence

Case No.:00-CV-6121-CIV-DIMITROULEAS

with the private party that it was a joint participant in the enterprise." *National Broadcasting, Inc. v. Communications Workers of America*, AFL-CIO, 1960 F.2d 1022 (11th Cir., 1988).

The Federal Courts including the United States Supreme Court have uniformly concluded that a private party can be viewed as a "State actor" for Section 1983 purposes only under rare circumstances. A review of the allegations in plaintiff's Complaint do not establish "rare circumstances". *See*, *Harvey*, 949 F.2d 1130. Rather, a review of the plaintiff's Complaint indicates that this is an extremely common circumstance especially in the State of Florida. The use of police officers as security personnel, which is a very liberal interpretation of the alleged facts in this Complaint is extremely common in the State of Florida occurring in department stores, shopping malls, theaters and all areas of Florida life. To extend 42 U.S. Code, Section 1983 to this circumstance would be to circumvent the clear case law which has been established over the course of decades regarding application of Section 1983 to a private party only in rare circumstances.

Additionally, *Rey v. KMART Corporation and WEST FLAGLER Associates*, 11 F.L.W. Fed.D. 855 (S.D. Fla. 1998), should provide guidance to assist the Court in determining that the STADIUM DEFENDANTS were not "State actors" in the circumstances described in the plaintiff's Complaint. In *Rey*, an almost identical situation occurred where police officers arrested the plaintiffs after they failed to leave a private

Case No.:00-CV-6121-CIV-DIMITROULEAS

business after being asked by KMART's officials and the police officers to extricate themselves. Similar to the case at bar, the plaintiffs alleged that they had a "right" to be in the KMART store, as business invitees. Similar to the case at bar, the plaintiffs alleged that because police officers made an arrest on the premises, KMART was acting under color of State law and that WEST FLAGLER was also a State act as the landowner.

The Court held in *Rey* that KMART and WEST FLAGLER were not State actors under Section 1983 on the grounds that the arrests were performed for a private purpose. No public purpose was being served and the extrication of the individuals from a private business. In the case at bar, there is no allegation in the Complaint establishing a "public" purpose for the arrest. In fact, the allegations, if accepted are true, demonstrate the purely private purpose of extricating Mr. GUY from the Stadium.

Although the STADIUM DEFENDANTS will vigorously contest this fact through discovery and at Trial on this matter, accepting the allegations of the Complaint as true for the purposes of this motion to dismiss, it is alleged that the police officer was acting as an agent or employee of the STADIUM DEFENDANTS in performing the arrest. In *Mitchell v. Carrier Corp.*, 954 F.Supp. 1568 (M.D., Ga., 1995), the District Court held that police officers acting on behalf of a private corporation cannot be considered a "conspiracy" under color of State law because a corporation cannot conspire with its agents or employees. Similarly, although this fact will be vigorously contested, the allegations of the Complaint attempt to allege that the police officers were acting as agents of the STADIUM DEFENDANTS and, therefore, the STADIUM DEFENDANTS were acting under color of

*Case No.:*00-CV-6121-CIV-DIMITROULEAS

State law. However, since the Complaint also alleges that SISLEY was acting as an agent or employee, this cannot be the basis for State action.

Finally, it is clear in reading the plaintiff's Complaint that the only allegation that can be construed to qualify the STADIUM DEFENDANTS as State actors is that Metro Dade police officers were providing security at the Stadium at the time of the incident. Stretching the plaintiff's Complaint beyond its one could argue that the STADIUM DEFENDANTS were acting under color of State law by reporting the crime and continuing the criminal prosecution. This does not qualify the STADIUM DEFENDANTS as a State actor under Section 1983. Persons who merely report a crime as State actors do not act under color of State law for Section 1983 purposes. *Benevidez v. Gunnell*, 722 F.2d 615 (10th Cir., 1983). In conclusion, there are simply no facts alleged in the Complaint which would establish that the STADIUM DEFENDANTS were acting under color of State law for the purposes of Section 1983 liability.

II. **THE STATE LAW TORT CLAIMS MUST BE DISMISSED AS THEY FAIL TO STATE A CLAIM FOR VICARIOUS LIABILITY FOR THE ALLEGED FALSE ARRESTS AND SUBSEQUENT TORTS**

Counts VI, VII, XI and XII of the Complaint allege assault, battery and false imprisonment against the stadium defendants all arising out the arrest of Mr. GUY described above.

The key to analysis of these Counts against the STADIUM DEFENDANTS is paragraph 26 of the Complaint which states as follows:

> SISLEY was the only person who spoke to plaintiff, MASHAAN GUY, regarding Plaintiffs' entitlement to remain on the premises; the condition for

11

Case No.:00-CV-6121-CIV-DIMITROULEAS

plaintiff to remain on the premises; and what conditions would constitute a trespass of the property rights of Defendants, SOUTH FLORIDA STADIUM CORPORATION and MIAMI DOLPHINS, LTD.

The only basis in plaintiffs' Complaint for holding the STADIUM DEFENDANTS liable for the assault and battery and for the allegedly false imprisonment of Plaintiff, GUY, is vicarious responsibility for the actions of Officer SISLEY. A close look at the Complaint demonstrates that both the assault and battery Counts and the false imprisonment Counts arise solely out of the arrest of Mr. GUY by officer SISLEY. The battery described in the Complaint is the placement of handcuffs and processing of Mr. GUY through the criminal justice system in the initial stages and the alleged false imprisonment is obviously the arrest and overnight detainment in the County jail.

Therefore, all four of the Counts asserted against the STADIUM DEFENDANTS alleging State law tort claims arise out of the arrest of Mr. GUY. Plaintiffs' Complaint contends that the arrest was wrongful and, consequently, the associated conduct comprises the State law torts. In *Montero v. Live and Let Live Drug Store*, 24 F.L.W. D. 1594, (Fla. 3rd DCA, 1999), the Third District Court of Appeal affirmed a directed verdict in favor of a private business owner sued for malicious prosecution. Malicious prosecution and false arrest tort claims in the State of Florida are virtually identical in the allegations required in the initial pleading. In *Montero*, a police officer had been called to a scene to investigate a contention of shoplifting. The Court held that the decision to prosecute the eventual plaintiff rested solely in the hands of the authority and, therefore, the defendant was not regarded as having instigated the criminal action. [See, also, *Alamo Rent-A-Car*

Case No.:00-CV-6121-CIV-DIMITROULEAS

*v. Mancusi*, 632 So.2d 1352 (Fla. 1994).]

In the case at bar, the key allegation in paragraph 26 of the plaintiffs' Complaint indicates that the investigation and decision to arrest Mr. GUY were performed solely by officer SISLEY. Although there are conclusory allegations in the subject Counts attempting to allege that the STADIUM DEFENDANTS were controlling the prosecution, the factual allegations indicate unequivocally that this was a police matter being executed by a police officer. As a result, the STADIUM DEFENDANTS cannot be held vicarious responsible for the activities surrounding the arrest. The factual allegations described in great detail, the proceedings occurring both during and after the arrest including a description of the conditions in the County jail. These factual allegations which are incorporated into the State law tort claims against the STADIUM DEFENDANTS demonstrate no nexus between the STADIUM DEFENDANTS and the criminal investigation and relate only to defendant SISLEY.[2]

Counts VI, VII, XI and XII of the Complaint should also be dismissed because Florida law has held that there is a privilege on the part of law enforcement officers, security guards and places of business which exists as a matter law to engage in conduct which can be considered under some circumstances reckless or outrageous if there is a showing that the defendants are asserting a legal right in a legally permissible way. *Rivers v. Dillards Dept. Store, Inc.* (Fla. 1 DCA, 1997), see also, *Canto v. J.B. Ivy & Company*, 595

---

[2]/The STADIUM DEFENDANTS, in no way admit or agree with any of the allegations regarding any of the defendants except as is required in this motion to dismiss.

*Case No.:*00-CV-6121-CIV-DIMITROULEAS

So.2d 1025 (Fla. 1 DCA, 1992).

In *Rivers*, store patrons were detained under accusations of shoplifting and were asked by *Dillards* to leave the store and not return. The Court held that even if the actions of *Dillards* could be termed as reckless or outrageous, since *Dillards* was enforcing its legal right to exclude patrons under free enterprise system, they could not be held liable and summary judgment granted to *Dillards* was appropriate.

In the case at bar, it is alleged Mr. GUY was asked to leave the Stadium and refused. According to *Rivers* and *Canto*, the owner of a business establishment is under a perfect right to ask any patrons to leave their premises. It was during the exercising of that right that the altercations which are alleged to have comprised the incident began to occur. Since there is such a privilege, the STADIUM DEFENDANTS cannot be held liable for the actions of SISLEY.

## X. CONCLUSION

If this Court accepts plaintiffs' assertions, the attempted §1983 action cannot stand even accepting all of the allegations as true. There are no allegations establishing such a civil rights violation against the STADIUM DEFENDANTS as being vicariously responsible for the actions of the police officer. Federal courts have addressed this issue and have held that *respondeat superior* is not a sufficient basis to hold an entity liable under §1983. Additionally, the Complaint fails to establish the STADIUM DEFENDANTS were State actors.

Assuming that this court reaches the state law claims raised in Counts I-XIII, the

*Case No.:*00-CV-6121-CIV-DIMITROULEAS

complaint should be dismissed. Counts VI, VII, XI and XII of the Complaint should be dismissed as they fail to establish vicarious liability on the part of STADIUM DEFENDANTS for the actions complained of on the part of Officer SISLEY. The conduct alleged, if true, is the type of conduct which Florida law excludes from application of the Respondeat Superior Doctrine and is privileged by both common law and statute.

Additionally, even assuming that the STADIUM DEFENDANTS can be held vicariously responsible for the law enforcement activities of Officer SISLEY, the arrest and subsequent criminal prosecution were performed in the exercising of a legal right to exclude persons from a privately owned business. As a result, the State law tort claims should also be dismissed.

Case No.:00-CV-6121-CIV-DIMITROULEAS

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY, that a true and correct copy of the foregoing was mailed this ____ day of January, 2000 to: Stephen L. Malove, Esq., Malove & Kaufman, P.A., Counsel for Plaintiff, 48 East Flagler Street, Penthouse 104, Miami, FL, 33131.

MARLOW, CONNELL, VALERIUS, ABRAMS, ADLER & NEWMAN
Grove Professional Building
2950 S.W. 27th Avenue, Suite 200
Miami, Florida 33133
Direct Line: (305) 460-6537

By: _____
MICHAEL C. ROTUNNO

By: _____
WILLIAM G. LISTON

I:\VALERIUS\Guy\Pleadings\M-Dismiss.01\BL