UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No: 00-CV-6121-CIV-DIMITROULEAS

Magistrate Johnson

MASHAAN GUY and JACQUELINE GUY,

    Plaintiffs,

vs.

MIAMI-DADE POLICE DEPARTMENT,
f/k/a METRO-DADE COUNTY POLICE
DEPARTMENT; SOUTH FLORIDA
STADIUM CORPORATION d/b/a PRO
PLAYER STADIUM; MIAMI DOLPHINS,
LTD.; SOUTH FLORIDA FOOTBALL
CORPORATION, General Partner of Miami
Dolphins, Ltd.; and ROBERT SISLEY,

    Defendants.
_____/



## MOTION FOR EXTENSION OF TIME

**COMES NOW,** the Defendants, SOUTH FLORIDA STADIUM CORPORATION d/b/a PRO PLAYER STADIUM; MIAMI DOLPHINS, LTD.; SOUTH FLORIDA FOOTBALL CORPORATION, by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 6(b) and Southern District Local Rule 7.1 and files the following Motion for Extension of Time and as grounds therefor states:

1.     Plaintiff propounded written discovery with the orignal summons and Complaint. Answers to said discovery were due on February 11, 2000.

2.     Due to undersigned counsel's work load, and the crushingly busy schedules of Defendants, the defendants are seeking an additional two weeks within which to propounded written discovery.

MARLOW, CONNELL, VALERIUS, ABRAMS, ADLER & NEWMAN



Case No.:00-CV-6121-CIV-DIMITROULEAS

3. Pursuant to Local Rule 7.1, undersigned counsel has attempted to confer with counsel for the Plaintiff but has been unable to communicate directly with him other than to leave a message on opposing counsel's voice mail.

4. Given the brief amount of time, being requested, no prejudice will befall either of the parties if this Motion is granted.

## MEMORANDUM OF LAW

This Court has authority to grant an extension of time for good cause under Rule 6(b), Federal Rules of Civil Procedure. In these circumstances, good cause has been shown for the requested extension, which will not result in any prejudice to the parties. As stated in Moore's Federal Practice, §6.08 at 1500.72:

> In accordance with the mandate of Rule 1, that the Rules should be construed to secure the just, speedy and inexpensive determination of every action, the courts generally have given Rule 6(b) a liberal interpretation in order to work substantial justice."

See also, Woods v. Allied Concord Financial Corp., 373 F.2d 733, 734 (5th Cir. 1967); Hoffman v. Kennedy, 30 F.R.D. 50, 51 (E.D. Pa. 1962).

This Court, for good cause shown, is given wide discretion to enlarge the time for doing an act required or allowed under the rules to be done within a specified time. Rule 6(b) inculcates the liberal equitable rules of enlarging time where

MARLOW, CONNELL, VALERIUS, ABRAMS, ADLER & NEWMAN

Case No.:00-CV-6121-CIV-DIMITROULEAS

substantial justice will be served. <u>Bonomo Corp. v. Buffalo Barge Rowing Corp.</u>, 134 F.2d 1022 (2d Cir. 1943). <u>See also</u>, <u>Mala v. Bailey</u>, 191 F.Supp 11 (E.D. Pa. 1960) (citing Moores').

This motion is not imposed for delay. Further, no prejudice will accrue to the parties from the granting of this motion.

### CERTIFICATE OF SERVICE

WE HEREBY CERTIFY, that a true and correct copy of the foregoing was mailed on February 11, 2000 to: Stephen L. Malove, Esq., Malove & Kaufman, P.A., Counsel for Plaintiff, 48 East Flagler Street, Penthouse 104, Miami, FL, 33131; and James J. Allen, Assistant County Attorney, 111 NW First Street, Suite 2810, Miami Florida 33128-1993.

MARLOW, CONNELL, VALERIUS, ABRAMS, ADLER & NEWMAN
Grove Professional Building
2950 S.W. 27th Avenue, Suite 200
Miami, Florida 33133
Direct Line: (305) 460-6537

By: _____
MICHAEL C. ROTUNNO

I:\VALERIUS\Guy\Pleadings\Federal Court\M-EXTEND.01\BL