UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Broward Division
Case Number 00-6121-Civ-Dimitrouleas/Johnson

**MASHAAN GUY** and **JACQUELINE GUY**,

        Plaintiffs,

v.

**MIAMI-DADE COUNTY POLICE DEPARTMENT**, f/k/a Metro-Dade County Police Department; **SOUTH FLORIDA STADIUM CORPORATION**, d/b/a Pro Player Stadium; **MIAMI DOLPHINS, LTD.**; **SOUTH FLORIDA FOOTBALL CORPORATION**, General Partner of Miami Dolphins, Ltd.; and **ROBERT SISLEY**,

        Defendants.



## DEFENDANTS' JOINT MOTION TO TRANSFER TO SOUTHERN DIVISION

COME NOW Defendants **MIAMI-DADE COUNTY POLICE DEPARTMENT**, f/k/a Metro-Dade County Police Department; **SOUTH FLORIDA STADIUM CORPORATION**, d/b/a Pro Player Stadium; **MIAMI DOLPHINS, LTD.**; **SOUTH FLORIDA FOOTBALL CORPORATION**, General Partner of Miami Dolphins, Ltd.; and **ROBERT SISLEY**; by and through undersigned counsel, and pursuant to 28 U.S.C. Section 1404(a) and Local Rules 3.1 and 3.4, file their joint Motion to Transfer this case to the Southern Division (Miami) of this Court, and in support thereof state:



1. This action, including federal civil rights claims and state of Florida tort claims, was originally filed by Plaintiff in the Seventeenth Judicial Circuit Court of Florida, which encompasses Broward County.

2. In fact and according to Plaintiff's allegations, the underlying incident—an arrest at Pro Player Stadium—took place not in Broward, but rather in Miami-Dade County.

3. One of the defendants, Miami-Dade County Police Department, is a department of a political subdivision of the State of Florida.

4. All Defendants' counsel are located in Miami-Dade County.

5. Defendants timely filed their Notice of Removal, and, in light of the foregoing, therein expressly requested that the case be assigned to the Miami Division of this Court.

6. No discovery or other pretrial proceedings have taken place to date.

7. Apparently only because Plaintiff had unilaterally decided to file his case the Seventeenth Judicial Circuit of the State of Florida Circuit Court (*i.e.*, Broward County), the clerk automatically assigned the removed case to this, the Broward division of the Southern District.

WHEREFORE, because all Defendants do business in Miami-Dade County, because all counsel (including Plaintiffs') have their offices in Miami, Florida, and pursuant to the law set forth below, the Defendants respectfully request that this case be reassigned to a judge, selected under the usual random blind process, in the Miami Division.

OFFICE OF COUNTY ATTORNEY, MIAMI-DADE COUNTY, FLORIDA
TELEPHONE (305) 375-5151

## MEMORANDUM OF LAW

Section 1404(a) of Title 28 provides that "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district *or division* where it might have been brought." Congress enacted Section 1404 in order to avoid unnecessary inconvenience to the litigants, witnesses, and the public and to conserve time, energy, and money. *See Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964).

In determining whether a case should be transferred, the threshold question is usually "whether the action 'might have been brought' in the proposed transferee district court." *Windmere Corp. v. Remington Products, Inc.* 617 F.Supp. 8, 10 (S.D. Fla. 1985), citing *Continental Grain Co. v The Barge FBL-585*, 364 U.S. 19 (1960). Since the requested transfer here is not between districts, but rather only between divisions of the same district, that question is somewhat moot.

However, it is useful to consider how the case would have been assigned had the Plaintiff chosen to file in federal court originally. Although he clearly could have chosen to file his case in Miami, Fort Lauderdale, or even West Palm Beach, it is equally clear that because he alleged that the cause of action arose in Miami-Dade County, ¶¶ 5, 18 *passim*, Comp., it would have been assigned to a Miami judge. *See* Local Rule 3.1.C. ("Dade County actions and proceedings shall be tried at Miami, Florida."); *see also* Standard "Civil Cover Sheet," which requires filing party to disclose "County where action arose." In any event, it is clear that this case, which by Plaintiffs' own allegations arose in Miami-Dade County, could have been filed and in fact litigated in the Miami division of the Southern District.

Once past the threshold question, the court must then decide whether, on balance, the

3

convenience of the parties and the interest of justice weigh in favor of transfer. "The idea behind § 1404(a) is that where a 'civil action' to vindicate a wrong—however brought in a court—presents issues and requires witnesses that make on District Court more convenient than another, the trial judge can, after findings, transfer the whole action to the more convenient court." *Continental Grain Co.*, 364 U.S. at 26. To determine the appropriateness of such a transfer, the Court must weigh a variety of factors, including (1) the convenience of the parties; (2) the convenience of the witnesses; (3) the relative ease of access to sources of proof; (4) the availability of process to the presence of unwilling witnesses; (5) the cost of obtaining the presence of the witnesses; and (6) the public interest. *Windmere Corp.* Although, given the relatively short distance between the Broward and Miami division, several of these factors have no bearing on this determination; those that are affected by the change mitigate in favor of transfer.

**Venue privilege of Miami-Dade County Police Department.** Plaintiff has sued the Miami-Dade County Police Department for civil rights violations and state torts. He alleges that the Department is a political subdivision of the State of Florida, which is subject to tort liability only as a result of Florida's election to waive partially sovereign immunity, pursuant to Section 768.28, Florida Statutes.

Under that statute, a governmental entity is clearly entitled to be sued in its "home venue." Subsection (1) expressly provides, "Any such action may be brought in the county where the property in litigation is located or, if the affected agency or subdivision has an office in such county for the transaction of its customary business, where the cause of action accrued."

Thus, had the Plaintiff brought only tort claims, such that the case would not have been removable to federal court, the state court would have been *required* to dismiss the action with leave

4

to refile in Miami-Dade County. *See, e.g., Faust v. City of North Port,* 495 So.2d 885 (Fla. 2d DCA 1986); *State, Dept. of Transp. v. Chothen,* 328 So.2d 574 (Fla. 3d DCA 1976). Of course, if Plaintiff had properly filed in Miami-Dade County rather than Broward, the federal clerk would have automatically assigned the case to a Miami federal judge. That result should obtain here as well, even though Defendant did not initially seek to move to dismiss on that basis in state court.[1]

**Convenience to counsel.** Although usually not expressly named as a distinct factor, courts sometimes consider convenience to counsel in deciding a motion to transfer. Here, all counsel (including Plaintiff's) have their offices located in greater Miami, and two of the three (again including Plaintiff's) have their offices located in *downtown* Miami, within walking distance of the federal courthouse.

Defendants recognize that the difference in litigating in Fort Lauderdale *viz a viz* Miami is relatively minor, and candidly acknowledge that they would not be greatly prejudiced if this Court were to deny this motion. However, under the particular circumstances of this case, had Plaintiff filed it properly to begin with, in recognition of the Miami-Dade County Police Department's home venue privilege, it would have *automatically* been assigned to a Miami federal judge upon removal. Thus, the public interest is served by transferring this case to the Miami division of the Southern District of Florida.

In conclusion, for all of the foregoing reasons, Defendants respectfully request that their Motion be GRANTED, that this case be transferred to the Miami division of the Southern District,

---

[1] Had they done so, Plaintiff (or the court *sua sponte*) could have argued against removal on the grounds that Defendants had waived the right by invoking the jurisdiction of the state court system.

and that such other relief be granted as this Court deems appropriate.

                                                Respectfully submitted,

| MARLOW, CONNELL, VALERIUS, ABRAMS, ADLER, & NEWMAN | ROBERT A. GINSBURG<br>Miami-Dade County Attorney |
|---|---|
| *Counsel for South Florida Stadium Corporation, d/b/a Pro Player Stadium; Miami Dolphins, Ltd.; and South Florida Football Corporation, General Partner Of Miami Dolphins, Ltd.* | *Counsel for Defendants Miami-Dade County Police Department and Sisley* |
| Suite 200<br>2550 Southwest 27th Avenue<br>Miami, Florida 33133-3765<br>Telephone: (305) 446-0500<br>Fax: (305) 446-3667 | Suite 2810<br>111 Northwest First Street<br>Miami, Florida 33128-1993<br>Telephone: (305) 375-5868<br>Fax: (305) 375-5634<br>Email: JJA3@co.miami-dade.fl.us |
| By: *[signature]*<br>Thomas F. Valerius<br>Florida Bar Number 165755 | By: *[signature]*<br>James J. Allen<br>Assistant County Attorney<br>Florida Bar Number 317861 |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by MAIL on Thursday, February 17, 2000 upon:

**MALOVE & KAUFMAN, P.A.**
*Counsel for Plaintiffs*

Attention: Steven L. Malove, Esquire
Penthouse 104
Flagler Station
48 West Flagler Street
Miami, Florida 33131


**MARLOW, CONNELL, VALERIUS, ABRAMS, ADLER, & NEWMAN**
*Counsel for South Florida Stadium Corporation, d/b/a Pro Player Stadium; Miami Dolphins,
   Ltd.; and South Florida Football Corporation, General Partner of Miami Dolphins, Ltd.*

Attention: Thomas F. Valerius
Suite 200
2550 Southwest 27th Avenue
Miami, Florida 33133-3765

_____
Assistant County Attorney