UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Broward Division
Case Number 00-6121-Civ-Dimitrouleas/Johnson

**MASHAAN GUY** and **JACQUELINE GUY**,

       Plaintiffs,

v.

**MIAMI-DADE COUNTY POLICE DEPARTMENT**, f/k/a Metro-Dade County Police Department; **SOUTH FLORIDA STADIUM CORPORATION**, d/b/a Pro Player Stadium; **MIAMI DOLPHINS, LTD.; SOUTH FLORIDA FOOTBALL CORPORATION**, General Partner of Miami Dolphins, Ltd.; and **ROBERT SISLEY**,

       Defendants.

## CONCISE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF SISLEY'S MOTION FOR SUMMARY JUDGMENT

COMES NOW Defendant SISLEY, by and through undersigned counsel, and pursuant to Local Rules 7.1 and 7.5, submits his Concise Statement of Undisputed Material Facts in support of his Motion to Dismiss or for Summary Judgment:

1. At all times material hereto, SISLEY was acting in the course and scope of his discretionary authority as a duly authorized law enforcement for and on behalf of Miami-Dade County.

2. At all times material hereto, SISLEY's assignment as a police officer was an off-regular



duty supervisor and bicycle patrol officer at Pro Player Stadium in Miami-Dade County, Florida.

3. As such, SISLEY was authorized to act as a representative of South Florida Stadium Corporation. See Exhibit A, attached.

4. On or about December 21, 1998, SISLEY approached a group of individuals involved in illegal ticket sales outside of Gate H at Pro Player Stadium. As SISLEY approached, Plaintiff, who was standing nearby, called out to them "Watch Out," in an apparent attempt to warn the sellers.

5. Plaintiff's actions gave SISLEY a reasonable suspicion that he was somehow involved in the illegal selling of tickets to the football game.

6. After dealing with the sellers, SISLEY approached Plaintiff, who denied warning the sellers. SISLEY asked for identification, but Plaintiff stated that he had none, but that he did have two tickets for the game, and that he was waiting for a friend. SISLEY asked him where he was parked, and he indicated the northwest area of the Stadium grounds

7. Due to the Plaintiff's warning the illegal ticket sellers, the fact that he had no identification, and his evasive demeanor and behavior, SISLEY believed that the Plaintiff may be involved in the resale or scalping of tickets. The Stadium does not allow the resale of tickets and routinely makes announcements to the affect over the loudspeaker. SISLEY informed the Plaintiff that he would have to either enter the stadium or leave the property. He refused to enter the stadium, but agreed to leave, and began to walk in the general direction of where he said his car was parked

8. SISLEY continued to observe Plaintiff, and saw him stop near Gate A.

9. SISLEY therefore approached Plaintiff again, and repeated his instruction to leave. He again refused, and questioned SISLEY's authority to require him to leave. He was instructed again

to leave, and when he refused, SISLEY arrested him for trespass.

10. Based on the foregoing, SISLEY prepared an arrest affidavit, a true and correct copy of the affidavit is attached to his affidavit as Exhibit A, and incorporated herein by reference.

11. SISLEY also prepared an offense incident report, a true and correct copy of which is attached to his affidavit as Exhibit B, and incorporated herein by reference.

12. Both the arrest affidavit and offense incident report set forth matters observed pursuant to duty imposed by law as to which matters there was a duty to report, and were made at or near the time of the events described therein, in the course of regularly conducted activity of the County. It was the regular practice of that activity to make the affidavit and report.

13. At no time did Sisley utilize excessive force against Plaintiff.

14. At no time did Plaintiff complain about the tightness of his handcuffs.

Respectfully submitted,

**ROBERT A. GINSBURG**
Miami-Dade County Attorney

*Counsel for Defendant Sisley*

Suite 2810
111 Northwest First Street
Miami, Florida 33128-1993
Telephone:   (305) 375-5868
Fax:         (305) 375-5634
Email:       JJA3@co.miami-dade.fl.us

By: _____
James J. Allen
Assistant County Attorney
Florida Bar Number 317861

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by MAIL on Wednesday, February 23, 2000 upon:

**MALOVE & KAUFMAN, P.A.**
*Counsel for Plaintiffs*

Attention: Steven L. Malove, Esquire
Penthouse 104
Flagler Station
48 West Flagler Street
Miami, Florida 33131


**MARLOW, CONNELL, VALERIUS, ABRAMS, ADLER, & NEWMAN**
*Counsel for South Florida Stadium Corporation, d/b/a Pro Player Stadium; Miami Dolphins, Ltd.; and South Florida Football Corporation, General Partner of Miami Dolphins, Ltd.*

Attention: Thomas F. Valerius
Suite 200
2550 Southwest 27th Avenue
Miami, Florida 33133-3765

_____
Assistant County Attorney



TO WHOM IT MAY CONCERN:

METRO-DADE POLICE DEPARTMENT OFFICERS ARE AUTHORIZED REPRESENTATIVES TO ENFORCE FLORIDA STATE STATUTE SECTION 810.09, TRESPASS, AND TO WARN AND DIRECT PERSONS TO LEAVE PRO PLAYER STADIUM AND ITS PARKING LOT, LOCATED AT 2269 N.W. 199TH STREET, MIAMI, DADE, FLORIDA.

AUTHORITY IS GRANTED BY SOUTH FLORIDA STADIUM CORPORATION, WHO IS THE OWNER/LESSEE OF SAID BUSINESS, AND PROPERTY, AND WHO HEREIN REQUESTS THE OFFICERS TO ENFORCE SAID STATUTE ON SAID PROPERTY INCLUDING THE PARKING LOTS.

IT IS ALSO ACKNOWLEDGED THAT THIS WRITER WILL AID IN THE PROSECUTION OF THOSE PERSONS ARRESTED.

SOUTH FLORIDA STADIUM CORPORATION

BY: _____
TODD A. ELLZEY
DIRECTOR OF EVENT OPERATIONS
AND SECURITY

STATE OF FLORIDA, COUNTY OF DADE
SWORN TO AND SUBSCRIBED BEFORE ME
THIS 3rd DAY OF _____, 19__

TODD A. ELLZEY IS KNOWN PERSONALLY TO ME.

_____        ELLEN M. KELLY
NOTARY: ELLEN M. KELLY            PRINT NAME OF NOTARY

MY COMMISSION EXPIRES:    [OFFICIAL NOTARY SEAL
                           ELLEN M. KELLY
                           NOTARY PUBLIC STATE OF FLORIDA
                           COMMISSION NO. CC538128
                           MY COMMISSION EXP. SEPT 19, 1999]

2269 NW 199th Street • Miami, Florida 33056 • Phone [305] 623-6100 • Fax [305] 624-6403