UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

BROWARD DIVISION

CASE NO. 00-CIV-6121-CIV-DIMITROULEAS

Magistrate Judge Johnson

MASHAAN GUY, and JACQUELINE
GUY,

    Plaintiffs,

vs.

MIAMI-DADE POLICE DEPARTMENT,
f/k/a METRO-DADE COUNTY POLICE
DEPARTMENT; SOUTH FLORIDA STADIUM
CORPORATION, d/b/a PRO PLAYER
STADIUM; MIAMI DOLPHINS, LTD.; SOUTH
FLORIDA FOOTBALL CORPORATION,
General Partner of Miami Dolphins, Ltd.;
and ROBERT SISLEY,

    Defendants.
_____/

### PLAINTIFFS' RESPONSE TO DEFENDANTS' JOINT MOTION
### TO TRANSFER TO SOUTHERN DIVISION

COME NOW, the Plaintiffs, MASHAAN GUY and JACQUELINE GUY, by and through undersigned counsel, and file the within response to Defendants' Joint Motion to Transfer to Southern Division (Miami) of this Court and state:

1. The Defendants have failed to advise this Court that Defendants, SOUTH FLORIDA STADIUM CORPORATION, d/b/a PRO PLAYER STADIUM; MIAMI DOLPHINS, LTD.; and SOUTH FLORIDA FOOTBALL CORPORATION, General Partner of Miami Dolphin, Ltd. <u>all</u> maintain their headquarters and an office for the regular transaction of their business in Broward County, Florida. Further, the Defendants have failed to advise



CASE NO. 00-CIV-6121-CIV-DIMITROULEAS

this Court that the Plaintiffs reside in Broward County, Florida and that Plaintiffs' counsel maintains a law office in Broward County.

2. Because of these additional facts, which have not been provided by the Defendants in their Motion to Transfer to the Miami Division, there is absolutely no reason to transfer this case.

3. Florida Statute §47.021 succinctly states:

> Actions against two or more Defendants residing in different counties may be brought in any county in which any Defendant resides (emphasis added).

On the balance, the only Defendant that neither resides nor does business in Broward County, Florida is the Miami-Dade County Police Department. It certainly would be more convenient to maintain this action in the Broward Division where most of the parties and witnesses are located.

4. Further, Defendants rely upon F.S. §768.28 for the proposition that the only venue is Miami-Dade County, Florida. However, a close reading of F.S.§768.28(1) reveals:

> Any such action may be brought in the county where the property in litigation is located or, if the affected agency or subdivision has an office in such county for the transaction of its customary business, where the cause of action accrued (emphasis added).

Such language does not require that a lawsuit against Miami-Dade County Police Department be brought in Miami-Dade County. Clearly the statute is permissive in nature. Apparently, the Florida legislature had envisioned circumstances similar to that at bar where Defendants are located in different counties.

CASE NO. 00-CIV-6121-CIV-DIMITROULEAS

5.   In short, Defendants are correct in stating that they "would not be greatly prejudiced if this Court were to deny this Motion."

6.   In conclusion, for all of the foregoing reasons, Plaintiffs respectfully request that Defendants' Joint Motion to Transfer this case to the Miami Division of the Southern District be denied.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing instrument has been mailed on this 23rd day of February, 2000 to: **Michael Rotunno, Esq.**, Marlow, Connell, et. al., Grove Professional Building, 2950 S.W. 27 Avenue, Suite 200, Miami, Florida 33133; **James Allen, Esq.**, County Attorney's Office, 111 N.W. 1st Street, Suite 2810, Miami, Florida 33128; and **Adam Lawrence, Esq.**, Lawrence & Daniels, 21st Floor, 100 N. Biscayne Boulevard, Miami, Florida 33132.

MALOVE & KAUFMAN, P.A.
Attorneys for Plaintiffs
48 East Flagler Street - PH 104
Miami, Florida 33131
(305) 577-0077

BY: _____
Stephen L. Malove