UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6121-CIV-DIMITROULEAS

MASHAAN GUY and JACQUELINE GUY,

Magistrate Judge Johnson

    Plaintiff,

vs.

MIAMI-DADE COUNTY POLICE DEPARTMENT,
f/k/a Metro-Dade County Police Department; SOUTH
FLORIDA STADIUM CORPORATION, d/b/a Pro
Player Stadium; MIAMI DOLPHINS, LTD.; SOUTH
FLORIDA FOOTBALL CORPORATION, General
Partner of Miami Dolphins, Ltd.; and ROBERT SISLEY,

    Defendant.
_____/



### ORDER SETTING TRIAL DATE & DISCOVERY DEADLINES, REFERRING CASE TO MEDIATION & REFERRING DISCOVERY MOTIONS TO UNITED STATES MAGISTRATE JUDGE

THIS CAUSE is before the Court upon receipt of the parties' joint scheduling report.

It is thereupon, **ORDERED AND ADJUDGED** as follows:

### Trial Date & Location

1. This case is set for trial on the two-week calendar commencing Monday, December 4, 2000. Counsel for all parties shall appear at a calendar call commencing at 10:00 o'clock A.M. on Friday, December 1, 2000. Unless instructed otherwise by subsequent order, the trial and all other proceedings in this case shall be conducted in Courtroom 203E at the U.S. Courthouse, 299 E. Broward Boulevard, Ft. Lauderdale, Florida.

### Motion Practice

2. Every motion filed in this case shall be accompanied by one proposed original order granting the motion. The order shall contain an up-to-date service list of all attorneys in the case and shall include stamped envelopes addressed to each attorney on the service list.



## Pretrial Schedule

3. Pretrial discovery shall be conducted in accordance with Local Rules 16.1 and 26.1 and the Federal Rules of Civil Procedure. No pretrial conference shall be held in this action, unless the Court determines, *sua sponte*, that a pretrial conference is necessary. In setting the following deadlines, the Court has considered the parties' suggested discovery schedule. Dates and other agreements between the parties not otherwise addressed herein shall be considered part of this Order. To the extent this Order conflicts with the Local Rules, this Order supercedes the Local Rules.

| | |
|---|---|
| Rule 14, 19 Motions | – July 1, 2000 |
| Rule 15(a), (d) Motions | – August 1, 2000 |
| Discovery Cutoff | – September 8, 2000 |
| Substantive Pretrial Motions | – September 22, 2000 |
| Mediation Cutoff | – 60 days before calendar call |
| Mandatory Pretrial Stipulation | – November 17, 2000 |
| Motions in Limine | – November 17, 2000 |
| Responses to Motions in Limine | – November 24, 2000 |
| Jury Instructions | – November 24, 2000 |
| Proposed Findings & Conclusions | – November 24, 2000 |
| Voir Dire Questions | – Calendar call |
| Exhibit List for Court | – First day of Trial (impeachment excepted) |
| Witness List for Court | – First day of Trial (impeachment excepted) |

## Mandatory Pretrial Stipulation

4. Counsel must meet at least one month prior to the beginning of the trial period to confer on the preparation of a Pretrial Stipulation in accordance with Local Rule 16.1E. A Pretrial Stipulation lacking substance will not be accepted. Any party causing a unilateral pretrial stipulation to be filed will be required to show cause why sanctions should not be imposed. Each attorney and each self-represented party is charged with the duty of complying with this Order. A motion for continuance shall not stay the requirement for the filing of the Pretrial Stipulation and, unless an emergency situation arises, a motion for continuance will not be considered unless it is filed at least twenty (20) days prior to the calendar call. Failure to comply with the time schedule may result in dismissal or other sanctions.

## Consent Jurisdiction

5. In light of the benefits offered by a trial before a magistrate judge, e.g., trial on a date certain as opposed to placement on a trial calendar, the parties are urged to consider this option. Therefore, within twenty (20) days of the entry of this order each attorney is ordered to meet with his/her client and discuss this option. At the end of the twenty-day period, each party shall file a separate pleading indicating: (1) that they have met and discussed magistrate jurisdiction and (2) unequivocally setting forth their position (yes or no) on magistrate consent jurisdiction. Plaintiff's counsel shall monitor this process. If there is not unanimity in favor of magistrate jurisdiction, plaintiff's counsel need do nothing further. If, however, there is unanimity in favor of magistrate jurisdiction, plaintiff's counsel shall execute the form (enclosed with the copy of this order sent to plaintiff's counsel) entitled "Notice of Right to Consent to Disposition of a Civil Case by a United States Magistrate Judge," and forward the original, executed form to defendants' counsel. After completion by all defendants or their counsel, the original form

should be forwarded to the Clerk of the Court, Fort Lauderdale Division.

## Mediation

6. Pursuant to Federal Rule of Civil Procedure 16 and Local Rule 16.2, this case is referred to mediation as follows:

    a. The mediation shall be completed sixty (60) days prior to the scheduled calendar call;

    b. The parties shall, within sixty (60) days hereof, agree upon a mediator and advise the Clerk's office of their choice, failing which the Clerk will designate a mediator from the list of certified mediators on a blind random basis;

    c. Plaintiff's counsel shall be responsible for coordinating the mediation conference date and location agreeable to the mediator and all counsel of record;

    d. Within five (5) days following the mediation conference, the mediator shall file a Mediation Report indicating who attended the mediation and the result thereof.

## Discovery Referred to Magistrate Judge

7. In accordance with 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules of the Southern District of Florida, the above-captioned cause is referred to United States Magistrate Judge Linnea R. Johnson for appropriate disposition of all pretrial discovery motions, and all motions that relate directly to these motions, such as motions for extension of time, motions for reconsideration, motions for sanctions, and motions for mental or physical examinations. This Order does not refer any motion which requests a continuance or extension of the trial or pretrial scheduling dates. The parties or their counsel shall send a copy of all relevant pleadings and filings directly to Magistrate Judge Johnson when they are filed with the Clerk of the Court (Judge Johnson's chambers are located at the United States Courthouse, 701 Clematis Street,

4

West Palm Beach, Florida 33401.).

### Exhibits

8. Exhibits must be pre-marked and exchanged prior to execution of the Pretrial Stipulation. Each exhibit should be marked with a sticker identifying the case number, exhibit number, and party offering the exhibit.

### Jury Instructions and Proposed Findings of Fact and Conclusions of Law

9. In cases tried before a jury, each party shall submit joint, stipulated proposed jury instructions and a joint, stipulated proposed verdict form in hard copy form and on 3.5" diskette. All requested instructions shall be typed on a separate page, and except for Eleventh Circuit Pattern instructions, must be supported by citations of authority. Any objections to the proposed instructions shall be stated clearly and concisely and also shall be supported by citations of authority.

In cases tried before the Court, each party shall file proposed Findings of Fact & Conclusions of Law in hard copy form and on 3.5" diskette. Proposed Conclusions of Law must be supported by citations of authority.

### Settlement

10. If a case is settled, counsel are directed to inform the Court promptly at (954) 769-5650 and to submit an appropriate stipulation Order for Dismissal, pursuant to Fed. R. Civ. P. 41(a)(1). Such an Order must be filed within ten (10) days of notification of the Court.

**DONE AND ORDERED** in Chambers at Ft. Lauderdale, Florida, this 29 day of February, 2000.

WILLIAM P. DIMITROULEAS
United States District Judge

5

Copies furnished to:

Magistrate Judge Linnea R. Johnson (WPB)
Steven Malove, Esq.
Thomas Valerius, Esq.
James J. Allen, Esq.