UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No: 00-CV-6121-CIV-DIMITROULEAS

Magistrate Johnson

MASHAAN GUY and JACQUELINE GUY,

    Plaintiffs,

vs.

MIAMI-DADE POLICE DEPARTMENT,
f/k/a METRO-DADE COUNTY POLICE
DEPARTMENT; SOUTH FLORIDA
STADIUM CORPORATION d/b/a PRO
PLAYER STADIUM; MIAMI DOLPHINS,
LTD.; SOUTH FLORIDA FOOTBALL
CORPORATION, General Partner of Miami
Dolphins, Ltd.; and ROBERT SISLEY,

    Defendants.
_____/



### REPLY TO PLAINTIFF'S MEMORANDUM OF LAW
### IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

The Defendants, SOUTH FLORIDA STADIUM CORP. d/b/a PRO PLAYER STADIUM, MIAMI DOLPHINS LIMITED and SOUTH FLORIDA FOOTBALL CORPORATION, (Hereafter, "the STADIUM DEFENDANTS") file this Memorandum of Law in reply to the response filed by Plaintiffs in opposition to Defendants' Motion to Dismiss.

### INTRODUCTION

Plaintiffs have filed and served a 13 count Complaint against these Defendants sounding in violations of 42 U.S.C. §1983, false arrest and assault and battery. The claims arise out of an incident allegedly occurring on December 21, 1998, where it is averred that Plaintiff was falsely arrested during a Miami Dolphins' football game. Defendants moved

MARLOW, CONNELL, VALERIUS, ABRAMS, ADLER & NEWMAN



*Page 2*            *Case No.:*00-CV-6121-CIV-DIMITROULEAS

to dismiss the Complaint arguing that the §1983 claims fail to state a claim upon which relief could be granted and that the pendant state law claims likewise fail to state a claim against these Defendants.

As a preliminary matter, the Plaintiffs argue in their brief that these Defendants have admitted that Officer Sisely was acting under color of law as a "private employee of the Stadium Defendants" at the time of the incident. Defendants have admitted that for the purposes of this motion, this Court must accept all well pled allegations as true. Defendants have also conceded that at the time of the arrest, Sisely was on duty as a Miami-Dade police department officer. The Defendants have not conceded that the arrest was an action performed under color of law on behalf of the private employer.

I.     **PLAINTIFF'S §1983 CLAIMS FAIL TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

     **A.**     **Vicarious Liability Issues**

In their response, Plaintiffs argue that they are not seeking to impose liability under §1983 against the Stadium Defendants on the basis of *respondiat superior*. Plaintiffs argue on Page 11 of their Memorandum of Law in opposition to the Defendants' Motion to Dismiss that their theory of the case is that "MDPD so 'insinuated itself into a position of interdependence' with the Stadium Defendants that it became a joint participant with those Defendants in the latter's control over its private premises and invitees."[1]

However, a close look at the allegations in the Complaint indicate that this is mere word games being played by Plaintiff's counsel in order to sidestep the abundant case law

---

1/ It is respectfully submitted that even if this Court decides that the allegations and the Complaint as interpreted on Page 11 of the responding Memorandum of Law meet these stringent tests, that they only satisfy the "state actor" prong of what is a two-prong test to establish liability under §1983.

MARLOW, CONNELL, VALERIUS, ABRAMS, ADLER & NEWMAN

*Page 3*                  Case No.:00-CV-6121-CIV-DIMITROULEAS

holding the §1983 liability cannot be based on *respondiat superior*. While Plaintiffs state in one paragraph of their Memorandum of Law that they are not seeking vicarious liability, their Complaint sounds solely in vicarious liability as far as §1983 liability against the Stadium Defendants. In paragraph 8 it is alleged:

> at all times material, Defendant, ROBERT SISELY (hereinafter referred to as "SISELY"), resided in Miami-Dade County, Florida, was an **agent employee and/or borrowed servant** of Miami-Dade Police Department, and/or Pro Player Stadium and/or Dolphins, acting within the course and scope of his employment and/or agency there with and under color of law.

Similar allegations appear in paragraph 10 as well as it relates to the Stadium Defendants. These paragraphs were reincorporated into the §1983 counts against the Stadium Defendants by reference. Paragraphs 61, 62 and 63 of the Complaint allege that the Stadium Dependants are responsible for the allegedly false arrest perpetrated by Officer Sisely because Officer Sisely's actions were being done "on their behalf." Despite Plaintiff's contentions to the contrary in their responding Memorandum of Law, this is classic *respondiat superior* language. The doctrine is founded upon the principle that while performing no active part in a particular tort, the principal is responsible because the agent is acting on the principal's behalf. Such is the case that is alleged in the §1983 counts against the Stadium Defendants. Additionally, the §1983 claims are being asserted against business entities which can only act through their agents. *American Tobacco Co., v. State of Fla.*, 697 So.2d 1249 (Fla. 4th DCA 1997)

    The Complaint further alleges in paragraphs 63 and 73 that the sole constitutional violation is the arrest performed by Officer SISLEY. As a result, it is clear that the Plaintiff's theory as alleged in their Complaint is comprised of vicarious liability on the part of the Stadium Defendants for the individual actions of Officer Sisely. These Defendants have

*Page 4*                                              Case No.:00-CV-6121-CIV-DIMITROULEAS

cited numerous cases in their initial Motion to Dismiss and Memorandum of Law and Support Thereof holding that vicarious liability cannot be the basis for a §1983 claim. See *Rey v. K-Mart Corp. & West Flagler Assoc., Ltd.*, 11 FLW said D885 (S.D. Fla. 1998).

Since there can be no liability under §1983 founded on respondiat superior, Plaintiff's 1983 claims as alleged in their Complaint should be dismissed with prejudice.

**B. The theory put forth in their response memorandum of law on page 11 likewise, fails to state a claim upon which relief can be granted under §1983**

Even if this Court accepts the invitation made by Plaintiff to delve into the responding Memorandum of Law, as opposed to the Complaint itself, in order to surmise a legal theory, that theory likewise fails to state a claim upon which relief can be granted and should be dismissed. Plaintiff's theory that the MDPD and the Stadium Defendants are joint participants and that MDPD had insinuated itself into a position of interdependence are simply not supported by the facts as alleged in the Complaint.

Pleading requirements under §1983 are stringent and are intentionally made burdensome on Plaintiffs in order to limit the application of §1983 in private circumstances. *Gold v. City of Miami*, 151 F 3rd 1346 (11th Cir. 1998).

Recent cases decided by the 11th Circuit, make these stringent pleading requirements even more onerous. In *Patrick v. Floyd Medical Center*, 201 F 3rd 1313 (11th Cir. 2000), the court addressed a §1983 claim was being made against a private hospital. In *Patrick* the plaintiff alleged that a private hospital was involved in a symbiotic relationship with a public hospital receiving public funds and, as a result, had intertwined itself with a state actor, namely the public hospital, to such an extent that it was now a state actor itself under §1983. He sued the public hospital, the private hospital, the county hospital

authorities and the hospital management companies after his staff privileges were denied. The court held that in a §1983 claim, the Plaintiff must allege and prove that the state has so far insinuated itself into a position of interdependence of the private party that it must be recognized as a joint participant **in the challenged activity**. Id. at 1315. (e.a.). Under the so-called nexus/joint action test, the symbiotic relationship between the private and public actors must involve the alleged constitutional violation. *National Broadcasting Company v. Communications Workers*, 860 F 2nd 1022 (11th Circuit 1988). In *Patrick*, similar to the case here, Plaintiffs alleged that there was an agency relationship created between the private hospital and the public hospital and, therefore, the private hospital was liable under §1983. The Court held that since the state actor, the county hospital district, did not participate in the decision to deny Patrick's application, the §1983 claim failed. Id. at 1315.

Here, there are no allegations that the Stadium, in anyway, participated in the alleged constitutional violation which was the purportedly false arrest of Mr. Guy. In fact, the plaintiff affirmatively alleges the opposite; in paragraph 26 of the Complaint, it is alleged that Officer Sisley acted completely on his own in the arrest of Mashaan Guy. Since it is not alleged that there was any "intertwining" of the Stadium Defendants and the police department regarding this particular arrest, the §1983 claim should be dismissed.

In *Brown v. Neumann*, 188 F.3d 1289 (11th Cir., 1999), the Court refused to extend §1983 liability to the Sheriff of Palm Beach County for injuries arising out of an allegedly unjustified arrest where plaintiffs could not allege and prove that the Sheriff, a person in position policy making power, was involved in the particular decisions to make the particular arrest over which plaintiff was filing suit. In the case at bar, although plaintiffs

*Page 6*                                                              Case No.:00-CV-6121-CIV-DIMITROULEAS

have stated in their Memorandum of Law that they have alleged a policy of passive approval of Officer Sisley's actions, Plaintiffs have failed to allege that the Stadium Defendants had any policy making or decision power with respect to Officer Sisley's particular arrest of Mashaan Guy. Lacking that specific allegation, the §1983 claims fail to state a claim upon which relief can be granted should be dismissed.

In paragraph 65 of the Plaintiffs' Complaint and in the analogous paragraph directed against the Miami Dolphins and its general partner, the plaintiffs attempt to allege the "joint participation" between the police department and the Stadium Defendants. Not only do paragraph 65 and, paragraph 77 of the Complaint sound in vicarious liability, they fail to reach the specificity required in pleading a §1983 claim. The Eleventh Court has instructed that an allegation of failing to train or supervise police officers can only establish liability under §1983 under "limited circumstances". *Gold, supra* at 1350. In order to state such a claim, it must be alleged and proven that the entity employing the officer knew of a need to train or supervise the officer in a particular area but deliberately chose not to take action, that there was wide spread abuse putting the entity on notice for the need for improved training or that there were prior incidents. Id. at 1350. The Eleventh Circuit noted:

> This high standard of proof is intentionally onerous for plaintiff; imposing liability on a municipality without proof that a specific policy caused a particular violation would equate to subjecting a municipality to *respondiat superior* liability - a result never intended by §1983. Id. at Note 10.

[See also, *Brooks v. Scheib*, 813 F.2d 1191 (11th Cir., 1987), despite ten citizens complaints about Officer Scheib, §1983 liability did not attach because it never demonstrated that past complaints had any merit.]   In the instant case, the plaintiffs' Complaint is completely devoid of any allegations with ultimate material facts supporting

MARLOW, CONNELL, VALERIUS, ABRAMS, ADLER & NEWMAN

that there was wide spread abuse, that there was a need of particular supervision or training in this particular area involving Officer Sisley, that there had been prior complaint or any of the other circumstances described in *Gold*. Plaintiffs rely upon *Gilbert v. Sears, Roebuck & Company*, 899 F.Supp. 597 (M.D. Fla., 1995) a case distinguishable from the case at bar. In *Gilbert*, not only did Sears actively seek police assistance to perform their investigation, they provided the police with surveillance equipment and instructed the police on the precise areas where surveillance was to be conducted. There are no such allegations in the case at bar.

Paragraphs 65 and 77 of the Complaint fall woefully short of stringent pleading requirements as is stated in the above-referenced case law regarding §1983 liability. Plaintiffs' §1983 claims against the Stadium Defendants sound only in vicarious liability for the actions of Officer Sisley. Plaintiffs' attempt in their responding memorandum of law to characterize what is alleged in the Complaint as satisfying the nexus/joint action test are without merit. In fact, attempting to read the allegations of the Complaint in such a way renders plaintiffs' theory as contradictory on its face. Plaintiffs are arguing that the Stadium Defendants have actively intertwined themselves with the police department by taking no action when it comes to police officers arresting patrons for trespass or ticket scalping. In other words, plaintiffs are arguing that the Stadium Defendants are actively intertwining themselves with a State actor by taking no action. Clearly, this type of pleading is insufficient under the case law and, therefore, the §1983 should be dismissed with prejudice.

Page 8                                    Case No.:00-CV-6121-CIV-DIMITROULEAS

### II. PLAINTIFFS' STATE LAW TORT CLAIMS AGAINST THE STADIUM DEFENDANTS FAIL TO STATE A CAUSE OF ACTION

#### A. False Arrest and Detention

In Count XI and XII of the Complaint, Plaintiffs attempt to assert claims for false arrest intention against the Stadium Defendants arising out of the alleged arrest of Mr. Guy by Officer Sisley. In the cases cited by Plaintiffs in their responding memorandum of law, the general proposition that a principal can be vicariously liable for the intentional torts of the servant under limited circumstances is put forth to the Court. While generally, this principal exists under Florida law, the specific tort of false imprisonment carries with it a proviso that is simply not alleged in Plaintiffs' Complaint. Because Florida juris prudence recognizes the act of a criminal arrest and criminal processing as a unique police function, the tort of false arrest carries an extra pleading required in other intentional torts.

In *Pokorny v. First Federal Savings & Loan Association of Largo*, 382 So.2d 678 (Fla., 1980), the Supreme Court of Florida held that a private citizen may not be held liable in tort for a false arrest where the private citizen neither actually detained nor instigated the plaintiff's arrest by law enforcement officers. The *Pokorny* case and the vast majority of cases decided under false arrest law concern claims where the defendants allegedly provided false information to the police resulting in the arrest of the plaintiff. In those circumstances, as long as the private citizen acts in good faith, no liability can attach for the allegedly false arrest. Id. at 681. In the instant case, plaintiffs have not even alleged that the Stadium Defendants provided Officer Sisley with any information. In fact, Plaintiffs have affirmatively alleged in paragraph 26 of their Complaint that Officer Sisley acted completely on his own observing the alleged crime and performing the alleged arrest and

Page 9                                                          Case No.:00-CV-6121-CIV-DIMITROULEAS

detention. There are no allegations in the Complaint that the Stadium provided or solicited Officer Sisley's arrest of Mr. Guy in anyway. (See also, *Escambia School Board v. Bragg*, 687 So.2d 571 (Fla., 1st DCA, 1996), where *School Board* found not liable for false arrest where the *School Board* erroneously but in good faith falsely identified the perpetrators to arresting officers."

Also cited in Plaintiffs' memorandum of law is a Miami-Dade County Ordinance Section 2-56.1, et. seq., which states that where private permitees employ off-duty County police officers, the scope of the officers' services are defined "as the department deems appropriate". Additionally, the officers are "deemed to be acting within the course and scope of their official duties while fulfilling permit assignments." Id. at §2-56.3, et. seq. and §2-56.8. Based on the allegations that Officer Sisley acted completely alone in observing the alleged crime and arresting Mr. Guy, he is deemed to be acting in his official capacity as police officer and the alleged false arrest was solely a police action. As a result, those Counts sounding in false arrest and detention should be dismissed as against the Stadium Defendants.[2]

### B. Assault and Battery

The assault and battery Counts raised by Plaintiffs against the Stadium Defendants likewise arise out of the alleged false arrest of Mr. Guy. As stated in the argument above, because Officer Sisley was acting completely on his own as per the allegations of the Complaint and because the applicable Miami-Dade County Code Provisions and Florida

---

[2] It is respectfully submitted that the Civil Rights Claims filed against the Stadium Defendants are also based on the allegedly false arrest. It is respectfully submitted that if Plaintiffs cannot state a cause of action for false arrest under Florida law as stated above, then their Civil Rights action based on the arrest must also fail as a matter of law.

MARLOW, CONNELL, VALERIUS, ABRAMS, ADLER & NEWMAN

Page 10                                   Case No.:00-CV-6121-CIV-DIMITROULEAS

law provide that the arrest was a unique police function, the Stadium Defendants should not be held liable, for the alleged assault and battery arising out of the arrest of Mr. Guy.

While there can be argument as to whether the physical arrest of Mr. Guy on the Stadium property can be attached vicariously to the Stadium Defendants, there can be no argument that once Mr. Guy was arrested and placed into the criminal court system, that any liability on behalf of the Stadium is eliminated. The holding cell described in the Complaint is property of Miami-Dade County according to the Miami-Dade County Code Provisions cited above and the applicable law. (See also, Officer Sisley's Motion to Dismiss and/or Motion for Summary Judgment and supporting Affidavits). While it is generally true that a principal, under very limited circumstances, can be held liable for the intentional torts of an agent, vicarious liability for those actions ceases to exist when the agent's actions stray outside of the course and scope of employment. Clearly, once Mr. Guy was arrest and placed in the criminal court system, any liability on the part of the Stadium defendants ceases to exist.

### CONCLUSION

Plaintiffs have failed to state a claim upon which relief can be granted under 42 USC Section 1983, or for Florida common law claims. The complaint should be dismissed.

Respectfully submitted

MARLOW, CONNELL, VALERIUS,
ABRAMS, ADLER & NEWMAN
Grove Professional Building
2950 S.W. 27th Avenue, Suite 200
Miami, Florida 33133

By: *[signature]*
MICHAEL C. ROTUNNO
Fla. Bar No.0861979

Page 11                                        Case No.:00-CV-6121-CIV-DIMITROULEAS

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY, that a true and correct copy of the foregoing was mailed on March 9, 2000 to: Stephen L. Malove, Esq., Malove & Kaufman, P.A., Counsel for Plaintiff, 48 East Flagler Street, Penthouse 104, Miami, FL, 33131; and James J. Allen, Assistant County Attorney, 111 NW First Street, Suite 2810, Miami Florida 33128-1993.

_____
MICHAEL C. ROTUNNO

I:\LISTON\guy.wpd\BL

MARLOW, CONNELL, VALERIUS, ABRAMS, ADLER & NEWMAN