UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6121-CIV-DIMITROULEAS

MASHAAN GUY and JACQUELINE GUY,

    Plaintiffs,

vs.

MIAMI-DADE COUNTY POLICE DEPARTMENT,
f/k/a Metro-Dade County Police Department; SOUTH
FLORIDA STADIUM CORPORATION, d/b/a Pro
Player Stadium; MIAMI DOLPHINS, LTD.; SOUTH
FLORIDA FOOTBALL CORPORATION, General
Partner of Miami, Ltd.; and ROBERT SISLEY,

    Defendants.
_____/



## ORDER

THIS CAUSE is before the Court upon Defendants', South Florida Stadium Corp. d/b/a Pro Player Stadium, Miami Dolphins Limited and South Florida Football Corporation ("Stadium Defendants") Motion to Dismiss, filed herein on January 26, 2000. The Court has carefully reviewed the motion and is otherwise fully advised in the premises.

### I. BACKGROUND

On December 21, 1998, Plaintiff was attending a Miami Dolphins football game at Pro Player Stadium, in Miami Florida. Prior to game time, Plaintiff was in the parking lot outside the stadium, and was waiting for a friend whose ticket he was holding. Plaintiff was approached by Defendant Officer Sisley, who was riding a bicycle.

Sisley told Plaintiff to go inside the stadium, or to leave the premises. Plaintiff claims that he could not enter the stadium because he had his friend's ticket, and he could not leave because his car was inaccessible until after the football game had ended. Sisley threatened

1



Plaintiff with arrest if he did not enter the stadium or exit the premises. Plaintiff again refused, and Sisley arrested him.

Plaintiff was handcuffed and transported by another officer to a holding area located in the stadium. Plaintiff remained handcuffed while Sisley prepared paperwork and arranged for Plaintiff to be transported. Plaintiff was transported to another area where he was searched and escorted to a prisoner bus.

Plaintiff was then transported to Miami-Dade County Lockup where he remained for an evening. Plaintiff was charged with trespass after warning. The charges were subsequently nolle prosequied.

Plaintiff filed this action in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County. Defendants timely removed this action to the Federal Court. Plaintiff filed a thirteen Count Complaint, alleging: 1) 42 U.S.C. § 1983 (Miami-Dade Police Department and Sisley); 2) 42 U.S.C. § 1983 (South Florida Stadium Corporation); 3) 42 U.S.C. § 1983 (Miami Dolphins, LTD. and South Florida Football Corporation); 4) Assault and Battery (Sisley); 5) Assault and Battery (Miami-Dade Police Department); 6) Assault and Battery (Dolphin Stadium Corporation); 7) Assault and Battery (Miami Dolphins, LTD. and South Florida Football Corporation); 8) Malicious Prosecution (Sisley); 9) False Imprisonment and Detention (Sisley); 10) Alternative to Count IX, False Imprisonment and Detention (Miami-Dade Police Department); 11) False Imprisonment and Detention (South Florida Stadium Corporation); 12) False Imprisonment and Detention (Miami Dolphins, LTD. and South Florida Football Corporation; and 13) Attorney's Fees.

Stadium Defendants filed this Motion to Dismiss the Complaint. They argue that these claims seek to hold Stadium Defendants vicariously liable for the actions of the police, and that

such respondeat superior liability is not a viable claim under § 1983. Plaintiff responds to this argument by stating that the Stadium Defendants' interests became inseparably intertwined with the Metro-Dade Police Department's and are therefore also liable under § 1983 because they became joint participants in Sisley and the Police Department's actions. Additionally, the Stadium Defendants provided Metro-Dade Police Department physical facilities for Defendants' private purposes, thereby making them liable for the Police Department's actions.

## II. DISCUSSION

It is long settled that a complaint should not be dismissed unless it appears beyond a doubt that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41 (1957). The allegations of the claim must be taken as true and must be read to include any theory on which the plaintiff may recover. See Linder v. Portocarrero, 963 F.2d 332, 334-336 (11th Cir.1992) (citing Robertson v. Johnston, 376 F.2d 43 (5th Cir.1967)).

Counts I - III of Plaintiff's Complaint are allegations of § 1983 violations. 42 U.S.C. § 1983 provides in pertinent part as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

The Eleventh Circuit has tightened the application of pleading requirements with respect to § 1983 cases in an effort to weed out nonmeritorious claims. For a proper § 1983 claim, a Plaintiff must allege *with some specificity* the facts which make out its claim. GJR Investments, Inc. v. County of Escambia, Florida, 132 F.3d 1359, 1367 (11th Cir. 1998); Oladeinde v. City of

Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992).

To be successful in a § 1983 action a party must show that: 1) a party deprived him of a right secured by the constitution and the laws of the United States; and 2) Plaintiff must establish that Defendant acted 'under color of any statute ordinance, regulation, custom or usage of any state.' Gilbert v. Sears, Roebuck and Company, 899 F.Supp. 597, 599 (M.D. Fla. 1995); Jackson v. Metropolitan Edison Co., 419 U.S. 345, 357-58 (1974). Plaintiff has alleged that he was arrested and spent an evening in jail, thereby stating a deprivation of his liberty interest, protected by the constitution and the laws of the United States.

Plaintiff must then establish that Stadium Defendants were acting under color of law. "Only in rare circumstances can a private party be viewed as a 'state actor' for § 1983 purposes. The Eleventh Circuit recognizes three tests for establishing state action by what is otherwise a private person or entity: the public function test, the state compulsion test, and the nexus/joint action test." Harvey, 949 F.2d at 1131; NBC v. Communication Workers of America, 860 F.2d 1022, 1026 (11th Cir. 1988).

The Florida legislature does not compel nor encourage the actions alleged in the Complaint, precluding state compulsion. Similarly, state law does not give the private party powers that are usually the "exclusive prerogative of the State." Harvey, 949 F.2d at 1131; See Jackson v. Metropolitan Edison Co., 419 U.S. 345, 353 (1974). Thus, the state compulsion test also fails in this case.

Plaintiffs center their argument on the nexus/joint action test, which involves situations where the state "has so far insinuated itself into a position of interdependence with the [private party] that it was a joint participant in the enterprise." Harvey, 949 F.2d at 1130; NBC, 860 F.2d at 1026. Plaintiff maintains this argument because "[a] defendant cannot be held liable under §

4

1983 on a respondeat superior or vicarious liability basis." Harvey, 949 F.2d at 1129. This freedom from liability is extended to private corporations. Id. at 1129; Lux v. Hansen, 886 F.2d 1064, 1067 (8th Cir. 1989).

To determine whether Stadium Defendants were acting under color of law, the Fifth Circuit determined that "detention by store employees is under color of state law if it is demonstrated that the store employees and the police were acting in concert and that the store and police had a customary plan which resulted in the detention." Duriso v. K-Mart, 559 F.2d 1274, 1277 (5th Cir. 1977); Smith v. Brookshire Brothers, Inc., 519 F.2d 93 (5th Cir. 1975). The Complaint fails to allege that the police acted in concert with any of the Stadium Defendants' employees, and that the only policy was that of granting the police "carte blanche" in their duties. "Absent a 'policy, custom or action by those who represent official policy that inflicts injury actionable under § 1983,' a corporate defendant will not be liable for the unconstitutional acts of its employees." Rey v. K-Mart, 11 Fla. L. Weekly Fed. D 855 (S.D. Fla. 1997); Sanders v. Sears Roebuck & Co., 984 F.2d 972, 975 (8th Cir. 1993). Plaintiff states in the Complaint that Stadium Defendants "utilized a police officer to enforce the policies of South Florida Stadium Corporation/Miami Dolphins, LTD with regard to Plaintiff's rights to remain on the premises." Complaint at 11, 14. Plaintiff further alleges that Stadium Defendants "had the express policy and/or delegating a police officer to carte blanche authority to arrest persons...if such persons were lawfully on the property." Complaint at 12, 14.

The present issue is better determined in a motion for summary judgment. The Court notes, however, that for this case to proceed past summary judgment, "plaintiff has to show an 'impermissible policy' or a 'constitutionally forbidden' rule or procedure...Iskander v. Village of Forest Park, 690 F.2d 126, 128 (7th Cir. 1982). Additionally, Plaintiff's single claim of detention

without probable cause will not support the inference that the conduct was pursuant to Stadium Defendants' policy. Id. at 128.

### III. CONCLUSION

Accordingly, it is

**ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss is hereby **DENIED**.

**DONE AND SIGNED** in Chambers at Fort Lauderdale, Florida, this 14 day of March, 2000.

                                                WILLIAM P. DIMITROULEAS
                                                United States District Judge

Copies furnished to:

James J. Allen, Esq.
Adam Lawrence, Esq.
Steven L. Malove, Esq.
Michael Rotunno, Esq.