UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

BROWARD DIVISION

CASE NO. 00-CV-6121-CIV-DIMITROULEAS

Magistrate Judge Johnson

MASHAAN GUY, and JACQUELINE GUY,

    Plaintiffs,

vs.

MIAMI-DADE POLICE DEPARTMENT, et al.,

    Defendants.
_____/



### PLAINTIFFS' STATEMENT OF MATERIAL FACTS WITH RESPECT TO DEFENDANT SISLEY AS TO WHICH THERE EXISTS A GENUINE ISSUE TO BE TRIED

Plaintiffs, pursuant to Local Rule 7.5, submit this statement of disputed material facts:

1. Whether Sisley was acting in the course and scope of his official duties and discretionary authority as a law enforcement officer before or during the encounter with Mr. Guy or whether he was acting outside his official duties and discretionary authority as a private person, performing private duties, on behalf of a private employer or principal.

2. Whether Sisley was properly authorized to act as a representative of South Florida Stadium Corporation, Miami Dolphins, Ltd., and South Florida Football Corporation, or any combination of the foregoing, and whether he acted within the scope of his alleged authorization in his encounter with Mr. Guy.



3.  Whether Mr. Guy called "watch out" or otherwise warned or attempted to warn or had any reason to warn anyone allegedly engaged in illegal ticket sales.

4.  Whether, even if Sisley reasonably could have believed Mr. Guy had called "watch out," that warning interfered with or obstructed Sisley or aided the alleged ticket resellers in any way.

5.  Whether Sisley's alleged suspicion that Mr. Guy was involved in illegal ticket sales was reasonable; and whether Sisley had probable cause to order Mr. Guy to enter the Stadium or leave the premises, or to approach, question, detain or arrest Mr. Guy for any offense.

6.  Whether Mr. Guy fully identified himself when requested, and otherwise fully cooperated with Sisley.

7.  Whether Mr. Guy demonstrated evasive behavior and demeanor or otherwise gave Sisley reasonable suspicion to approach, question, detain or arrest him.

8.  Whether Mr. Guy ever indicated to Sisley that he was parked in the northwest area of the Stadium grounds or ever purported to walk in the general direction of Gate "A" or where Sisley alleges Mr. Guy's car was parked.

9.  Whether Sisley reasonably investigated Mr. Guy's alleged wrongdoing, or the reason for his presence at the Stadium, before or after arresting him.

10. Whether the observations, events, conversations and chronologies recorded by Sisley in his arrest affidavit and offense incident report are accurate, or whether the events are as described in Mr. Guy's affidavit, filed herewith and incorporated herein by reference.

11. Whether despite Mr. Guy's total passivity and compliance and the trivial non-violent nature of his alleged offense, Sisley used excessive force in arresting Mr. Guy and during Mr. Guy's subsequent detention, and whether Sisley inflicted illegal punishment on Mr. Guy during and after his arrest, by placing Mr. Guy in a choke hold, by placing handcuffs on Mr. Guy tightly and painfully and refusing to loosen them for an excessive period of time, by disregarding Mr. Guy's complaints of finger, wrist and should pain, and by exacerbating the pain by his rough and abusive physical treatment of the handcuffed Mr. Guy.

### CERTIFICATE OF SERVICES

I HEREBY CERTIFY that a true copy of the foregoing instrument has been mailed to **Michael Rotunno, Esq.,** Marlow, Connell, et. al., Grove Professional Building, 2950 S.W. 27 Avenue, Suite 200, Miami, Florida 33133 and **James Allen, Esq.,** County Attorney's Office, 111 N.W. 1st Street, Suite 2810, Miami, Florida 33128, this 24 day of March, 2000.

MALOVE & KAUFMAN, P.A.<br>
Attorneys for Plaintiffs<br>
48 East Flagler Street - PH 104<br>
Miami, Florida 33131<br>
(305) 577-0077<br>
<br>
BY: _Stephen L. Malove_<br>
Stephen L. Malove<br>
FBN 305553

3