UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No: 00-CV-6121-CIV-DIMITROULEAS

Magistrate Johnson

MASHAAN GUY and JACQUELINE GUY,

    Plaintiffs,

vs.

MIAMI-DADE POLICE DEPARTMENT,
f/k/a METRO-DADE COUNTY POLICE
DEPARTMENT; SOUTH FLORIDA
STADIUM CORPORATION d/b/a PRO
PLAYER STADIUM; MIAMI DOLPHINS,
LTD.; SOUTH FLORIDA FOOTBALL
CORPORATION, General Partner of Miami
Dolphins, Ltd.; and ROBERT SISLEY,

    Defendants.
_____/



## ANSWER

THE DEFENDANTS, SOUTH FLORIDA STADIUM CORPORATION d/b/a PRO PLAYER STADIUM, (PRO PLAYER) MIAMI DOLPHINS, LTD. and SOUTH FLORIDA FOOTBALL CORPORATION (DOLPHINS), by and through undersigned counsel, file this Answer to Plaintiffs' Complaint and would state as follows:

1.    PRO PLAYER and DOLPHINS are without knowledge as to Paragraph 1 of the Complaint and, therefore, deny same and demand strict proof thereof.

2.    Paragraph 2 of the Complaint is denied and strict proof is demanded thereof.

3.    The Defendants are without knowledge as to Paragraph 3 of the Complaint and, therefore, deny same and demand strict proof thereof.

4.    Paragraph 4 of the Complaint is admitted to the extent that these Defendants



MARLOW, CONNELL, VALERIUS, ABRAMS, ADLER & NEWMAN



Case No.:00-CV-6121-CIV-DIMITROULEAS

have knowledge.

5.    Paragraphs 5, 6 and 7 of the Complaint are admitted.

6.    It is admitted as to Paragraph 8 of the Complaint that Defendant SISLEY resided in Miami-Dade County Florida and was an agent, employee or borrowed servant of Miami-Dade Police Department. The balance of Paragraph 8 is denied and strict proof is demanded thereof.

7.    PRO PLAYER and DOLPHINS are without knowledge as to Paragraph 9 of the Complaint and, therefore, deny same.

8.    Paragraph 10 of the Complaint is denied.

9.    PRO PLAYER and DOLPHINS are without knowledge as to Paragraph 11 of the Complaint and, therefore, deny same and demand strict proof thereof.

10.    Paragraph 12 of the Complaint is admitted to the extent these Defendants have knowledge.

11.    Defendants are without knowledge as to Paragraphs 13 and 14 of the Complaint and, therefore, deny same and demand strict proof thereof.

12.    Paragraphs 15 and 16 of the Complaint are admitted.

13.    Paragraphs 17, 18, 19, 20, 21, 22, 23, 24 and 25 of the Complaint are denied and strict proof is demanded thereof.

14.    As to Paragraph 26 of the Complaint, it is admitted that Officer Sisley was the only person who spoke to Plaintiff. PROPLAYER and DOLPHINS are without knowledge as to the balance of Paragraph 26.

MARLOW, CONNELL, VALERIUS, ABRAMS, ADLER & NEWMAN

Case No.:00-CV-6121-CIV-DIMITROULEAS

15. PROPLAYER and DOLPHINS are without knowledge as to Paragraphs 27, 28, 29, 30, 31, 32, 33 and 34 of the Complaint with the exception that PROPLAYER and DOLPHINS admit that Plaintiff was arrested. The balance of the above referenced Paragraphs are denied and strict proof is demanded thereof.

16. Paragraphs 35 and 36 of the Complaint are denied. PROPLAYER and DOLPHINS are without knowledge as to Paragraphs 37, 38, 39 and 40 of the Complaint and, therefore, deny same and demand strict proof thereof.

17. Paragraph 41 of the Complaint is admitted. Paragraphs 42 and 43 of the Complaint are denied.

18. Counts I, IV, V, VIII, IX and X of the Complaint are not directed against these Defendants and, therefore, these Defendants will not respond to those Counts with the exception that any allegations contained in those accounts not specifically admitted above are denied and strict proof is demanded thereof.

19. Each and every allegation of Counts II, III, VI, VII, XI, XII and XIII of the Complaint are denied and strict proof is demanded thereof unless specifically admitted above.

### AFFIRMATIVE DEFENSES

1. PROPLAYER and DOLPHINS were not acting under color of state law and, therefore, Plaintiffs' Section 1983 claims fail to state a claim upon which relief can be granted.

2. PROPLAYER and DOLPHINS did not have an unconstitutional policy or

Case No.:00-CV-6121-CIV-DIMITROULEAS

procedure regarding the arrest of patrons on Stadium premises and, therefore, Plaintiffs' Section 1983 claims fail to state a claim upon which relief can be granted.

3. Plaintiffs' injuries or damages were caused by his own intentional or negligent conduct and, therefore, Plaintiffs' claims against PROPLAYER and DOLPHINS are to be reduced and/or barred to the extent that they were caused by Plaintiffs' intentional conduct or, caused by the Plaintiffs' negligent conduct pursuant to the doctrine of comparative negligence.

4. Officer Sisley's arrest of Plaintiff was with probable cause and, therefore, Plaintiffs' claims for false arrest, false imprisonment, assault, battery and violations of Section 1983 are barred.

5. PROPLAYER and DOLPHINS are entitled to qualified immunity with reference to the purported arrest of Plaintiff by Officer Sisley as Officer Sisley's actions were appropriate police actions which also enjoy a qualified immunity and/or qualified privilege for performing law enforcement actions such as the arrest of Plaintiff with probable cause.

6. Officer Sisley's arrest of MASHAAN GUY was with probable cause for the crime of obstruction of justice and, therefore, Plaintiffs' claims for false arrest, false imprisonment, Section 1983 violations and assault and battery are barred.

7. Officer Sisley was acting solely in his capacity as a law enforcement officer at the time of the alleged arrest and, therefore, PROPLAYER and DOLPHINS are not vicariously responsible or directly responsible for Officer Sisley's actions, even if the arrest

MARLOW, CONNELL, VALERIUS, ABRAMS, ADLER & NEWMAN

Case No.:00-CV-6121-CIV-DIMITROULEAS

was without probable cause.

8. Plaintiffs' injuries and damages were caused by the tortious acts of co-defendants, third parties, agencies, persons, entities, forces and instrumentalities outside and beyond the control of PROPLAYER and DOLPHINS and, therefore, Plaintiffs' claims should be reduced or barred accordingly. There were intervening or superseding acts of intentional conduct, not attributable to PROPLAYER and DOLPHINS which were the sole proximate cause of the Plaintiffs' alleged damages.

9. Plaintiff resisted a lawful detention and/or arrest.

10. The Plaintiff instigated, was the initial aggressor or provoked any alleged assault or battery upon him.

11. Any detention of the Plaintiff was reasonable and necessary in an effort to conduct a reasonable law enforcement function.

12. Any force, assault or battery on the Plaintiff was reasonable under the circumstances and was used in connection with Plaintiffs' lawful detention and/or arrest.

13. Any approach of the Plaintiff or any touching of the Plaintiff was incidental to a lawful detention and/or arrest and was not intended to be offensive.

14. PROPLAYER and DOLPHINS did not initiate any judicial proceeding against the Plaintiff, did not participate in any judicial proceeding against the Plaintiff and were not involved in any way in any judicial proceeding against the Plaintiff.

15. Plaintiff is not entitled to any relief under 42 U.S. Code §1983 and §1998 and, therefore, Plaintiff is not entitled to any attorney's fees.

Case No.:00-CV-6121-CIV-DIMITROULEAS

16. Any arrest, detention, assault, battery or any other actions purportedly done to Plaintiff were done by a law enforcement officer solely in his capacity of a police officer and, therefore, PROPLAYER and DOLPHINS are not liable vicariously or directly for such actions.

17. Plaintiff has had the benefit of collateral sources and, therefore, Defendants are entitled to a set-off or reduction pursuant to the benefits received by Plaintiff from any collateral sources for any damages or injuries sustained in this action.

18. Plaintiff has failed to mitigate his damages.

19. At the time of the arrest described in Plaintiffs' Complaint, Plaintiff was engaged in unlawful activities and, therefore, any actions undertaken by him by law enforcement officers, Officer Sisley or otherwise were justified and reasonable under the circumstances and, therefore, Plaintiffs' claims are barred.

20. Plaintiffs' claims against the PROPLAYER and DOLPHINS are completely frigorous and devoid of merit and, therefore, pursuant to Federal Rule of Civil Procedure 11, the Defendants are entitled to sanctions under the rule.

Respectfully submitted

MARLOW, CONNELL, VALERIUS,
ABRAMS, ADLER & NEWMAN
Grove Professional Building
2950 S.W. 27th Avenue, Suite 200
Miami, Florida 33133

By: _____
MICHAEL C. ROTUNNO
Fla. Bar No.0861979

*Case No.:*00-CV-6121-CIV-DIMITROULEAS

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY, that a true and correct copy of the foregoing was mailed on March 28, 2000 to: Stephen L. Malove, Esq., Malove & Kaufman, P.A., Counsel for Plaintiff, 48 East Flagler Street, Penthouse 104, Miami, FL, 33131; and James J. Allen, Assistant County Attorney, 111 NW First Street, Suite 2810, Miami Florida 33128-1993.

_____
MICHAEL C. ROTUNNO

I:\ROTUNNO\Guy\Pleadings\Federal Court\Answer.wpd\BL

MARLOW, CONNELL, VALERIUS, ABRAMS, ADLER & NEWMAN