UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6121-CIV-DIMITROULEAS

MASHAAN GUY and JACQUELINE GUY,

       Plaintiffs,

vs.

MIAMI-DADE COUNTY POLICE DEPARTMENT,
f/k/a Metro-Dade County Police Department; SOUTH
FLORIDA STADIUM CORPORATION, d/b/a Pro
Player Stadium; MIAMI DOLPHINS, LTD.; SOUTH
FLORIDA FOOTBALL CORPORATION, General
Partner of Miami, Ltd.; and ROBERT SISLEY,

       Defendants.

_____/



FILED by ___ D.C.

APR 1 9 2000

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

## ORDER

THIS CAUSE is before the Court upon Defendant, George Sisley's Motion to Dismiss or
for Summary Judgment, filed herein on February 25, 2000. The Court notes that despite granting
two Motions for Extension of Time to File a Reply Memorandum, Plaintiff did not submit a
Reply Memorandum. Nonetheless, the Court has carefully reviewed the motion and is otherwise
fully advised in the premises.

## I. BACKGROUND

On December 21, 1998, Plaintiff was attending a Miami Dolphins football game at Pro
Player Stadium, in Miami Florida. Prior to game time, Plaintiff was in the parking lot outside the
stadium, and was waiting for a friend whose ticket he was holding. Defendant Sisley claims
Plaintiff was standing next to several individuals who were scalping tickets to the football game.
Plaintiff was approached by Defendant, Officer Sisley, who was riding a bicycle. Defendant
Sisley claims Plaintiff yelled to the scalpers, "Watch out!"

1



Sisley told Plaintiff to go inside the stadium, or to leave the premises.  Plaintiff claims that he could not enter the stadium because he had his friend's ticket, and he could not leave because his car was inaccessible until after the football game had ended.  Sisley threatened Plaintiff with arrest if he did not enter the stadium or exit the premises.  Plaintiff again refused, and Sisley arrested him.

Plaintiff was handcuffed and transported by another officer to a holding area located in the stadium.  Plaintiff remained handcuffed while Sisley prepared paperwork and arranged for Plaintiff to be transported.  Plaintiff was transported to another area where he was searched and escorted to a prisoner bus.

Plaintiff was then transported to Miami-Dade County Lockup where he remained for an evening.  Plaintiff was charged with trespass after warning.  The charges were subsequently nolle prossed.

Plaintiff filed this action in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County.  Defendants timely removed this action to the Federal Court.  Plaintiff filed a thirteen Count Complaint, alleging: 1) 42 U.S.C. § 1983 (Miami-Dade Police Department and Sisley), 2) 42 U.S.C. § 1983 (South Florida Stadium Corporation); 3) 42 U.S.C. § 1983 (Miami Dolphins, LTD. and South Florida Football Corporation); 4) Assault and Battery (Sisley); 5) Assault and Battery (Miami-Dade Police Department); 6) Assault and Battery (Dolphin Stadium Corporation); 7) Assault and Battery (Miami Dolphins, LTD. and South Florida Football Corporation); 8) Malicious Prosecution (Sisley); 9) False Imprisonment and Detention (Sisley); 10) Alternative to Count IX, False Imprisonment and Detention (Miami-Dade Police Department); 11) False Imprisonment and Detention (South Florida Stadium Corporation); 12) False Imprisonment and Detention (Miami Dolphins, LTD. and South Florida Football

2

Corporation; and 13) Attorney's Fees.

Defendant Sisley filed this Motion to Dismiss or for Summary Judgment.  Defendant Sisley argues that he is protected on the defense of qualified immunity, based on his actions as a police officer.  Additionally, Defendant argues that Plaintiffs have failed to state a federal claim for which relief can be granted.  Plaintiff responds by arguing that Defendant Sisley was off duty, and therefore was merely a glorified security guard, and is not entitled to qualified immunity as a matter of law.

## II.  DISCUSSION

### A. Dismiss

It is long settled that a complaint should not be dismissed unless it appears beyond a doubt that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief.  Conley v. Gibson, 355 U.S. 41 (1957).  The allegations of the claim must be taken as true and must be read to include any theory on which the plaintiff may recover.  See Linder v. Portocarrero, 963 F.2d 332, 334-336 (11th Cir.1992) (citing Robertson v. Johnston, 376 F.2d 43 (5th Cir.1967)).

### B. Summary Judgment

The Court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed.R.Civ.P. 56(c).  The stringent burden of establishing the absence of a genuine issue of material fact lies with the moving party.  Celotex Corp. v. Catrett, 477 U.S. 317, 323(1986).  The Court should not grant summary judgment unless it is clear that a trial is unnecessary, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986), and any doubts in this

3

regard should be resolved against the moving party, <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 157 (1970).

The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." <u>Celotex Corp.</u>, 477 U.S. at 323. To discharge this burden, the movant must point out to the Court that there is an absence of evidence to support the nonmoving party's case. <u>Id.</u> at 325.

After the movant has met its burden under Rule 56(c), the burden of production shifts and the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." <u>Matsushita Electronic Industrial Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986). According to the plain language of Fed.R.Civ.P. 56(e), the non-moving party "may not rest upon the mere allegations or denials of the adverse party's pleadings," but instead must come forward with "specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e); <u>Matsushita</u>, 475 U.S. at 587.

Essentially, so long as the non-moving party has had an ample opportunity to conduct discovery, it must come forward with affirmative evidence to support its claim. <u>Anderson</u>, 477 U.S. at 257. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party." <u>Walker v. Darby</u>, 911 F.2d 1573, 1577 (11th Cir. 1990). If the evidence advanced by the non-moving party "is merely colorable, or is not significantly probative, then summary judgment may be granted." <u>Anderson</u>, 477 U.S. 242, 249-50.

### C. § 1983

Count III of Plaintiff's Complaint is an allegation of a § 1983 violation against Defendant

4

Sisley. 42 U.S.C. § 1983 provides in pertinent part as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

The Eleventh Circuit has tightened the application of pleading requirements with respect to § 1983 cases in an effort to weed out nonmeritorious claims. For a proper § 1983 claim, a Plaintiff must allege *with some specificity* the facts which make out its claim. GJR Investments, Inc. v. County of Escambia, Florida, 132 F.3d 1359, 1367 (11th Cir. 1998); Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992).

"As in any action under § 1983, the first step is to identify the exact contours of the underlying right said to have been violated." County of Sacramento v. Teri Lewis and Thomas Lewis, 523 S.Ct 833 (1998); See Graham v. Connor, 490 U.S. 386 (1986). To be successful in a § 1983 action a party must show that: 1) a party deprived him of a right secured by the constitution and the laws of the United States; and 2) Plaintiff must establish that Defendant acted 'under color of any statute ordinance, regulation, custom or usage of any state.' Gilbert v. Sears, Roebuck and Company, 899 F.Supp. 597, 599 (M.D. Fla. 1995); Jackson v. Metropolitan Edison Co., 419 U.S. 345, 357-58 (1974).

### D. Qualified Immunity

The Eleventh Amendment bars suit against state officials working in their official capacity. A suit against the individual is actually a suit against the official's office. Will v. Michigan Dept. of State Police, 109 S.Ct. 2304 (1989). This essentially makes the suit against the state itself. Id. For a deprivation of civil liberties, the Eleventh Amendment bars such suits

unless the State has waived its immunity." Id. Those whose liberties were violated have recourse by filing a § 1983 cause of action as Plaintiff has done in the present case. Additionally, a States's Eleventh Amendment immunity, as is the case in Florida, is not waived by a § 1983 case. Zalter v. Wainwright, 802 F.2d 397 (11th Cir. 1986).

Qualified immunity shields a § 1983 defendant from liability for harms arising under discretionary acts, as long as the discretionary acts do not violate clearly established federal statutory or constitutional rights of which a reasonable person would have known. See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). For an asserted right to be clearly established for purposes of qualified immunity, "the law must have earlier been developed in such concrete and factually defined context to make it obvious to all reasonable government actors in the defendant's place that 'what he is doing' violates federal law." Lassiter v. Alabama A & M Univ. Bd. Of Trustees, 28 F.3d 1146, 1149 (11th Cir. 1994) (quoting Anderson v. Creighton, 483 U.S. 635, 640 (1987)).

The first issue for this Court to determine is whether or not Sisley, while working an off-duty detail at Pro Player Stadium, is still afforded the shielding of qualified immunity. The Court "must consider the circumstances under which an off-duty police officer working as a security guard acts under color of state law for purposes of a civil rights claim." Lusby v. T.G.& Y. Stores, Inc., 749 F.2d 1423, 1428-29 (10th Cir. 1984), vacated on other grounds, 474 U.S. 805 (1985), reaffirmed on remand, 796 F.2d 1307 (10th Cir. 1986).

Plaintiff cites to several cases, none of which stand for the proposition that an off-duty officer is not entitled to qualified immunity for his official actions. Plaintiff's reliance on Richardson v. McKnight, is unfounded. The Court, in Richardson, "answered the immunity question narrowly, in the context in which it arose. That context is one in which a private firm, systematically organized to assume a major lengthy administrative task (managing an institution)

6

with limited direct supervision by the government..." Richardson v. McKnight, 521 U.S. 399, 413 (1997). This case deals with private companies and their employment of private security guards. Defendant Sisley is an off-duty police officer working at a football stadium, with many other uniformed officers. Richardson does not apply in the context of this case.

Plaintiff represents that the Court in Lusby found that a city policeman acting as an off-duty security guard was not entitled to qualified immunity while working in his private capacity. However, the Court found that the police officer "was not entitled to an instruction on qualified immunity because even if he qualified for such immunity once he slipped into his police role during the T.G.&Y. incident, he forfeited it by acting unreasonably when he investigated the alleged shoplifting." Lusby, 749 F.2d at 1432. The Court in Lusby did not determine the ability of an off-duty officer to use the defense of qualified immunity; it held that the officer acted unreasonably, and therefore could not use the defense.

Defendant Sisley was in full uniform, was riding a bicycle supplied by the police force, wore a badge, wore his police issued pistol, and represented to Plaintiff that he was an officer. Defendant Sisley's affidavit states that, "[a]t all times material hereto, I was acting in the course and scope of my discretionary authority as a duly authorized law enforcement for and on behalf of Miami-Dade County." Affidavit of Sisley at 1. Plaintiff does not refute these claims. Therefore, Defendant Sisley is able assert the defense of qualified immunity for his actions.

Now that this Court has determined that Sisley may assert qualified immunity as a defense, it must determine what Defendant's conduct was, and whether it was within his discretionary authority. Dolihite v. Maughon, 74 F.3d 1027 (11th Cir. 1996). Defendant Sisley viewed Plaintiff near several ticket scalpers. As Sisley approached, he claims Plaintiff yelled, "Watch out!" This warning could reasonably be believed to have interfered with or obstructed

7

Sisley or aided the alleged ticket resellers. Sisley was not sure of Plaintiff's role in the activity.
"An officer may consistent with the Fourth Amendment, conduct a brief, investigatory stop when
the officer has a reasonable, articulable suspicion that criminal activity is afoot." Terry v. Ohio,
392 U.S. 1, 30 (1968). Therefore, Defendant was within his discretionary authority to stop
Plaintiff. A law enforcement official who reasonably but mistakenly concludes that reasonable
suspicion is present is still entitled to qualified immunity. Williamson v. Mills, 65 F.3d 155 (11th
Cir. 1995). Defendant produced evidence in his affidavit and in the arrest report, that Plaintiff
warned the illegal ticket sellers, did not produce identification, and was evasive in his speech and
behavior. Additionally, it is undisputed that Plaintiff was standing alone, yet had multiple
tickets.

Plaintiff asserts that Defendant violated his clearly established federal rights. For an
asserted right to be clearly established for purposes of qualified immunity, "the law must have
earlier been developed in such concrete and factually defined context to make it obvious to all
reasonable government actors, in the defendant's place, that 'what he is doing' violates federal
law." Lassiter, 28 F.3d at 1149. The burden is on Plaintiff to show the violation, "and a
plaintiff's citation of general rules or abstract rights is insufficient to strip a § 1983 defendant of
his qualified immunity." Jones v. Cannon, 174 F.3d 1271, 1282 (11th Cir. 1999). Plaintiff
complained that his handcuffs were too tight. Defendant, in his affidavit, states that Plaintiff did
not complain about the tightness of his handcuffs. Sisley Affidavit at 3. Plaintiff states that he
did complain about the handcuffs. Plaintiff does not submit a doctor's report regarding the
complained injury or any other corroborating evidence. According to the plain language of
Fed.R.Civ.P. 56(e), the non-moving party "may not rest upon the mere allegations or denials of
the adverse party's pleadings," but instead must come forward with "specific facts showing that

8

there is a genuine issue for trial." Fed.R.Civ.P. 56(e); <u>Matsushita</u>, 475 U.S. at 587.

"[A]ll claims that law enforcement officers have used excessive force...in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard." <u>Graham v. Connor</u>, 490 U.S. 386, 395 (1989). This Court must balance Plaintiff's Fourth Amendment rights with the countervailing governmental interests at stake. <u>Id.</u> at 395. Plaintiff's allegations do not overcome his burden to come forward with specific facts, beyond denial, that his Fourth Amendment rights were violated.

"'Qualified immunity applies unless application of the standard would inevitably lead' to a reasonable officer in the defendant's position to conclude that the force was unlawful." <u>Gold v. City of Miami</u>, 121 F.3d 1442, 1446 (11th Cir. 1997). This case, contrary to Plaintiff's claims, is similar to that in <u>Gold</u>. The facts in <u>Gold</u> stated that Plaintiff suffered only skin abrasions for which he did not seek medical treatment. "The minor nature of this injury reflects that minimal force was used to apply the handcuffs. Certainly, these circumstances would not 'inevitably lead' a reasonable officer in the officers' position to conclude that the force used to apply the handcuffs was unlawful." <u>Id.</u> at 1446-47. Plaintiff's injuries to his wrists were similar to Plaintiff's in <u>Gold</u>. Plaintiff's other complained injuries were not based on the tightness of the handcuffs, but the placement of the handcuffs behind his back, thereby hurting his shoulder and neck. This injury does not state a claim for excessive force that would overcome Defendant's claim of qualified immunity. The Court notes that Plaintiff's argument regarding violation of his Fourteenth Amendment rights is not supported by the facts or case law. Plaintiff was continuously an arrestee when accompanied by Defendant Sisley.

Plaintiff argues that Defendant lacked arguable probable cause to arrest him for a

9

violation of § 843.02, Florida Statutes.  The statute provides: "Whoever shall resist, obstruct, or oppose any officer...in the lawful execution of any legal duty, without offering or doing violence to the person of the officer, shall be guilty of a misdemeanor."  Probable cause exists when "the facts and circumstances within the officer's knowledge, of which he or she has reasonably trustworthy information, would cause a prudent person to believe, under the circumstances shown, that the suspect has committed...an offense." Williamson v. Mills, 65 F.3d 155, 158 (11th Cir. 1995).  Defendant saw Plaintiff next to ticket scalpers.  Defendant claims he heard Plaintiff yell, "Watch out!" as he approached.  Plaintiff did not produce identification when asked.  Additionally, Plaintiff was alone, yet had multiple tickets.  Plaintiff acted in a nervous and evasive manner.  Defendant Sisley was relying on his own observations of the incident.

The Court in Porter found that when a Defendant shouted out to warn drug dealers as police approached, he violated § 843.02. Porter v. State, 582 So.2d 41 (Fla. 4th DCA 1991)[1]. The standard for arguable probable cause is "whether a reasonable officer in the same circumstances and possessing the same knowledge as the officer in question could have reasonably believed that probable cause existed in the light of well-established law." Gold, 121 F.3d at 1445.  Defendant had arguable probable cause to arrest Plaintiff for violation of § 843.02. "As the Supreme Court has stated, '[t]he qualified immunity standard 'gives ample room for mistaken judgment.'" Id. at 1446; See Hunter v. Bryant, 502 U.S. 224, 229 (1991).  "This accommodation exists because 'officials should not err always on the side of causation' because they fear being sued." Id. at 1446.  Plaintiff has not overcome his burden in showing that Defendant did not have arguable probable cause.  This burden can only be accomplished with: 1)

---

[1] Jay v. State, 731 So.2d 774 (Fla. 4th DCA 1999) was decided after the arrest in this case.

10

a controlling decision; 2) which existed prior to the incident in question; 3) which involved facts materially similar to those in the case before the court; and 4) which held the conduct to constitute a constitutional violation.  Collins v. School Board, 981 F.2d 1203, 1205 (11th Cir. 1993).

Defendant also shows that he had arguable probable cause to arrest Plaintiff for violation of § 810.09, Florida Statutes, which states: "A person who, without being authorized, licensed, or invited, willfully enters upon or remains in any property...[a]s to which notice against entering or remaining is given...commits the offense of trespass..."[2]  Plaintiff in this case acted improperly, and when told to enter the stadium or leave, refused.  Plaintiff was given several warnings, yet continued to stay on the premises, in violation of the statute.  If after Defendant reasonably believed he was authorized to warn Plaintiff to leave, then a trespass would have occurred upon Plaintiff's refusal to leave.  Fox v. State, 580 So.2d 313 (Fla. 3rd DCA 1991); State v. M.A.D., 721 So.2d 412 (Fla. 3rd DCA 1998).

"The burden of showing that an officer violated clearly established law falls on the plaintiff."  Anderson, 483 U.S. at 639.  Plaintiff in this action has a heavy burden in overcoming Defendant's defense of qualified immunity.  Plaintiff has failed to show that Defendant violated his clearly established constitutional rights.  Plaintiff has failed to show that Defendant did not have arguable probable cause to make the arrest.  Plaintiff has alleged certain facts that remain in dispute.  However, these facts do not create a genuine issue of material fact to defeat Defendant's Motion for Summary Judgment.

---

[2] Plaintiff was actually charged with § 810.08, Florida Statutes, which prohibits trespass after warning in a structure.  There is no dispute that the error was inadvertent.  The Courts have held that probable cause is not necessary if it existed for a closely related charge.  Biddle v. Martin, 992 F.2d 673 (7th Cir. 1993).

11

E. Supplemental Jurisdiction

The Complaint may be read to allege certain state law tort violations.

28 U.S.C. § 1367 provides in pertinent part as follows:

(c) the district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if–

   (3) the district court has dismissed all claims over which it has original jurisdiction, . . . .

In light of the foregoing, the Court notes that all of the federal claims against Defendant Sisley are currently being dismissed.  Therefore, the Court declines to exercise supplemental jurisdiction over the remaining possible state law claims at this time.  "If a federal claim against a party is dismissed before trial, the pendent state law claims should often be dismissed as well." Traver v. Meshriy, 627 F.2d 934, 939 (9th Cir. 1980).

### III.  CONCLUSION

Accordingly, it is

**ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss or for Summary Judgment is hereby **GRANTED**.  All federal claims against Defendant Sisley are hereby Dismissed.  This Court shall decline jurisdiction as to the state claims against Defendant Sisley, Counts IV, VIII and IX.  Therefore, Defendant Sisley is dismissed from this action.

**DONE AND SIGNED** in Chambers at Fort Lauderdale, Florida, this 19 day of April, 2000.

WILLIAM P. DIMITROULEAS
United States District Judge

12

Copies furnished to:

James J. Allen, Esq.
Adam Lawrence, Esq.
Steven L. Malove, Esq.
Michael Rotunno, Esq.